Cherie P. CASSINGHAM, Appellant,

v.

LUTHERAN SUNBURST HEALTH SERVICE, d/b/a Lutheran General Hospital, Appellee.

No. 04–87–00126–CV.

Court of Appeals of Texas, San Antonio.

March 31, 1988.

John Alan Blair, III, San Antonio, for appellant.

Sharon E. Callaway, R. Jo. Reser, Groce, Locke & Hebdon, San Antonio, for appellee.

Before Carlos C. CADENA, C.J., and ESQUIVEL and REEVES, JJ.

## OPINION

REEVES, Justice.

This is a summary judgment case. Appellant, Cherie P. Cassingham, brought suit against appellee, Lutheran Sunburst Health Service, d/b/a, Lutheran General Hospital, alleging her privacy was invaded due to a violation of the Medical Practice Act through the hospital's unauthorized disclosure of appellant's medical records.

Appellant was hospitalized after suffering a physical assault outside her home. She also was enduring some personal problems as a result of her ex-husband's alleged abduction of her minor son some time earlier. Appellant was being treated by her physician, Dr. Michael Wollends, and her psychiatrist, Dr. Hugo Hernandez.

At the suggestion of Dr. Wollends, Kenneth Koym, a licensed professional counselor and director of a non-profit group (Missing and Exploited Children of Texas), began visiting appellant in the hospital. Koym apparently was attempting to help appellant find an attorney and to help her locate her son. After his visits with appellant, Koym entered notes into appellant's medical chart and reviewed her medical records. Koym's notations are not part of the summary judgment evidence.

Appellant brought suit against the hospital for allowing an alleged stranger to her case access to her private records. Appellee claimed there was no violation of TEX. REV.CIV.STAT.ANN. art. 4495b, § 5.08 (Vernon Supp.1987–1988) because Koym fell under the exception set out in section 5.08(h)(7).[1] Appellee's motion for summary judgment based on this exception was granted.

▮▮▮ Appellee urges that appellant's points of error fail to raise a proper complaint concerning the trial court's grant of a summary judgment. It argues that appellant's true complaint concerns the matter of a legal interpretation of the statute and not whether a genuine issue of material fact was raised. However, appellant's general assignment on appeal that the trial court erred in granting summary judgment is sufficient to allow argument as to all the possible grounds upon which summary judgment should have been denied. See *Malooly Brothers, Inc. v. Napier*, 461 S.W. 2d 119, 121 (Tex.1970). Further, appellant sufficiently briefed the arguments concerning the legal construction of the statute, and under our policy of liberally construing the briefs, TEX.R.APP.P. 74(p), we find appellant sufficiently complied with the Texas Rules of Appellate Procedure.

In reviewing a summary judgment, we must apply the following rules set forth by the supreme court in *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–93 (Tex.1975):

1. The movant for summary judgment [appellee] has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant [appellant] will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. (Citations omitted.)

*MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

When a statute is clear and unambiguous, it is inappropriate to resort to extrinsic aids and rules of statutory construction.

---

1. The Medical Practice Act, TEX.REV.CIV. STAT.ANN. art. 4495b (Vernon Supp.1987–1988), specifically provides for physician-patient confidentiality. Section 5.08(a) provides: "Communications between one licensed to practice medicine, relative to or in connection with any professional services as a physician to a patient, is confidential and privileged and may not be disclosed except as provided in this section." Subsection (h)(7) exempts from the general rule against disclosure "other physicians and personnel under the direction of the physician who are participating in the diagnosis, evaluation, or treatment of the patient...."

We must give the words used in the statute their common everyday meaning. *Cail v. Service Motors, Inc.*, 660 S.W.2d 814, 815 (Tex.1983); *Ex parte Roloff*, 510 S.W.2d 913, 915 (Tex.1974); *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 921 (Tex.App. —Dallas 1985, writ ref'd n.r.e.).

> Article 4495b, section 5.08(h)(7) provides:
> (h) Exceptions to the privilege of confidentiality, in other than court or administrative proceedings, allowing disclosure of confidential information by a physician, exist only to the following ...
>> (7) other physicians and personnel under the direction of the physician who are participating in the diagnosis, evaluation, or treatment of the patient....

TEX.REV.CIV.STAT.ANN. art 4495b, § 5.08(h)(7) (Vernon Supp.1987–1988). We find the statute to be clear and unambiguous.

Appellee suggests article 4495b does not apply to hospitals but only to physicians. Thus, appellee urges, the trial court did not err in granting summary judgment.

Article 4495b, section 5.08 is found in subchapter E of the Medical Practice Act, and is entitled, "Other Provisions." This subchapter covers, among other things, approval and certification of health organizations, supervision of physician assistants, reports and data from insurers, reporting and confidentiality requirements, and physician-patient communication.

Section 5.08 addresses the physician-patient communication and provides for the confidentiality of communications between the patient and physician in connection with any professional service. Section 5.08 further provides:

> (b) Records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed except as provided in this section.
> (c) *Any person who receives information* from confidential communications or records as described in this section other than the persons listed in Subsection (h) of this section who are acting on the patient's behalf may not disclose the information except to the extent that disclosure is consistent with the authorized purposes for which the information was first obtained.

(Emphasis added.)

■ The Medical Practice Act clearly applies to the hospital. Section 5.08(c) provides that *any* person, not just a physician, shall keep the patient's confidence. The physician may make and maintain the records, but the prohibition against unauthorized disclosure goes to anyone obtaining the information. It is the communication and the written memoranda of the communication that are privileged. The prohibition against disclosure applies to anyone receiving the information. Since the hospital staff maintains the records, the hospital must comply with section 5.08 and protect those records from an unauthorized disclosure.

Appellee asserts it is covered by the exception of subsection (h)(7) because Koym participated in the evaluation of appellant. Appellee argues that one of the duties of a professional counselor is the act of counseling, defined in the Licensed Professional Counselor Act (TEX.REV.CIV.STAT.ANN. art. 4512g [Vernon Supp.1987–1988]), which includes "assisting an individual or groups, through the counseling relationship, to develop *understanding* of personal problems, to define goals, and to plan action reflecting an individual's or group's interests, abilities, aptitudes, and needs as they are related to personal-social concerns, educational progress, and occupations and careers...." (Emphasis added.) *Id.* § 2(7)(A). Appellee urges that "[s]ince evaluating 'personal problems' is an integral part of what a professional counselor does, it would seem that it could certainly form the basis for a type evaluation that a physician might find necessary or helpful when treating his patients. Such activities clearly involve 'evaluation,' as it is commonly defined." This may be true, but it is not the kind of evidence to sustain a summary judgment. Supposition and possibilities do not constitute the level needed here, which is that of a matter of law.

Since we have found the statute is not ambiguous, we will not resort to extrinsic aids and rules of statutory construction, but we will give the words used in the statute their common meaning.

■ "Evaluate" is defined as "to examine and judge concerning the worth, quality, significance, amount, degree, or condition of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (unabr. ed. 1981). Thus, appellee had the burden, as movant, to establish that there was no genuine issue of material fact that Koym participated in examining and judging the worth, quality, significance, amount, degree, or condition of the patient. Appellee failed to meet his burden. Koym's own affidavit states:

> My role was to consult with the [appellant] and provide information on how to locate her son, as well as possible action she could take to initiate the return of her son. The [appellant] specifically requested that I work with the police officer assigned to her case, as well as investigate her domestic problems with the District Attorney's Family Violence Unit.... I was specifically authorized by Dr. Michael Wollends, who was [appellant's] attending physician during her stay at Lutheran General Hospital, to consult with the [appellant] and provide whatever assistance possible.

Even if there were some level of "evaluation" involved here, it was not of a medical nature, but more of a legal nature. The Act clearly refers to medical care when it defines patient as one who seeks medical care. TEX.REV.CIV.STAT.ANN. art. 4495b, § 5.08(m) (Vernon Supp.1987–1988).

Koym stated he visited appellant at Dr. Wollends' request to help appellant regain custody of her son. Dr. Hugo Hernandez, appellant's psychiatrist, stated that appellant told him that "MR. KOYM was a friend of [Dr. Wollends] and that she was seeing MR. KOYM for advice as to the return of her missing child." James A. Hubbart, president of Lutheran Sunburst Health Services, a parent corporation of Lutheran General Hospital, averred that "Koym, a licensed Professional Counselor, was specifically authorized by Dr. Michael Wollends to discuss with the [appellant] the situation involving her son...."

Appellant stated in her deposition that the first time she met Koym was when she was hospitalized "and he came in and introduced himself as the director of Missing and Exploited Children of Texas and said that he might be able to help me in locating my son." She said that Koym told her that Dr. Wollends "had asked or had suggested that he might come over and that he might be of some assistance in helping me find an attorney that would be of assistance." Koym represented himself as a member of Missing and Exploited Children of Texas and appellant did not know he was seeing her in any other capacity.

Q. And it was your understanding when you invited him back during your second hospitalization that all he had been doing all the time had been working on this missing child problem and finding you an attorney?

A. And that is exactly what he told me.

Q. And [you] didn't think he was treating you psychologically?

A. Well he wasn't—We never discussed anything that was of a psychological or psychiatric nature.
   It was strictly the legal aspect of—of where my son was and what would be the best tact to take to go ahead and get him back.

Q. Okay. And on these various visits then that was what you discussed, what you just described?

A. Yes. And nothing more.

In viewing the evidence in favor of appellant, we hold appellee failed to conclusively establish the absence of a genuine issue of material fact. Appellee has not proven as a matter of law that Koym was acting in the capacity contemplated by the exception of section 5.08(h)(7) of the Medical Practice Act. The evidence does not establish that Koym was counseling appellant "to develop" an understanding of her personal problems, but was actually assisting her to locate her son. The burden is on appellee to establish the absence of a genuine issue of material fact that the exception of section

(h)(7) applied and it failed to meet that burden. The trial court erred in entering a summary judgment.

The judgment of the trial court is reversed and the cause remanded to the trial court for trial on the merits.