**ALPHA LIFE INSURANCE COMPANY, Relator,**

v.

**The Honorable J. Ray GAYLE, III, Judge, 239th District Court, Brazoria County, Texas and Glenda Johnson, et vir., Reavis Johnson, Respondents.**

No. B14–90–00464–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 11, 1990.

David C. Kent, Dallas, John R. Gilbert, Angleton, Mark K. Sales, Dallas, for relator.

Paul G. Ash, Jr., Galveston, for respondents.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

OPINION

SEARS, Justice.

In this original proceeding, relator urges us to issue a writ of mandamus to direct

Judge J. Ray Gayle, III, of the 239th District Court of Brazoria County to vacate his order of June 5, 1990 and allow relator to produce only redacted copies of certain claims files which are the subject of a discovery request by the real parties in interest. On June 7, 1990, we granted leave to file petition for writ of mandamus and expedited temporary relief. We now conditionally grant the writ.

Glenda and Reavis Johnson (real parties in interest) sued Alpha Life Insurance Company, David Blakey d/b/a First Insurance Agency and Pacific Mutual Life Insurance Company, alleging breach of a credit disability insurance policy, violations of the Texas Deceptive Trade Practices–Consumer Protection Act and the Texas Insurance Code, fraud and breach of the implied duty of good faith and fair dealing. On October 26, 1989, relator received a Notice of Oral Deposition of a corporate representative. The notice contained a duces tecum which listed the documents to be produced at the deposition. The duces tecum sought:

Any and all documents, photographs, files, file covers, correspondence, memoranda, or other tangible object, either in his possession or subject to his control relating in any way to the claim, insurance coverage, claims process, or procedure, compliance with Insurance Board regulations, and investigation in question in the above-numbered and styled lawsuit.

Relator produced copies of documents contained in its "basic claims file", copies of insurance certificates, samples of applicable policies, and disclosure statements. However, relator requested that the real parties in interest clarify the document request as to the remaining items and filed a Motion for Protective Order on December 15, 1989.

On December 19, 1989, real parties in interest sent to relator a letter listing fourteen separate categories of documents which they intended to be covered by the original duces tecum. Relator produced some of the requested documents and filed objections to the balance, asserting that the specific document requests were inappro-priate, sought privileged information, were unduly burdensome and/or unnecessarily expensive to answer, and/or exceeded the permissible bounds of discovery permitted by the Texas Rules of Civil Procedure.

A hearing was held on relator's motions for protection on January 25, 1990. On February 12, 1990, respondent signed an order granting protection as to some of the document requests and denying protection as to others. Specifically, respondent denied relator's motion for protective order as to document request no. 11 which sought:

All "claims" and/or "underwriting" files maintained for each claim made under a similar insurance policy issued by you and subsequently denied or not paid in the past six (6) years in Texas for the reason or reasons you denied Plaintiffs' claim.

Relator then requested that it be allowed to redact the names, addresses, and personal information on those records to protect the privacy rights of the non-party claimants and the confidentiality of their medical and health information contained in the files. Respondent initially ruled that relator could redact the information and relator thereafter produced twenty-nine redacted claim files in response to document request no. 11.

Real parties in interest objected to the redaction of the information and respondent subsequently ordered relator to supply unredacted copies of the files to the court for *in camera* inspection. Following the *in camera* inspection, respondent signed a Supplemental Protective Order on June 5, 1990, ordering relator to produce unredacted copies of the information to the real parties in interest. Relator then filed its Third Supplemental Motion for Protective Order asking respondent to reconsider its ruling or to place restrictions on the use of the information by the real parties in interest.

Relator then filed its Motion for Leave to File Petition for Writ of Mandamus and Expedited Temporary Relief in this court which we granted on June 7, 1990. (On June 18, 1990 the real parties in interest

served a document request on Pacific Mutual Life Insurance Company that was similar to request number eleven.) In a hearing on July 23, 1990 respondent denied relator's Third Supplemental Motion for Protective Order. Relator now urges us to direct respondent to vacate the order of June 5, 1990 and allow relator to produce only redacted copies of the claims files sought by real parties in interest or, alternatively, to place reasonable restrictions on use of the information by real parties in interest.

■ We initially note that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985).

■ The medical records of an individual have been held to be within a zone of privacy protected by the United States Constitution. *Tarrant County Hospital District v. Hughes,* 734 S.W.2d 675, 679 (Tex. App.—Fort Worth 1987, orig. proceeding) (citing *Whalen v. Roe,* 429 U.S. 589, 601, 97 S.Ct. 869, 877, 51 L.Ed.2d 64 (1977); *United States v. Westinghouse Elec. Corp.,* 638 F.2d 570, 577 (3rd Cir.1980); *G.M.C. v. Director of Nat. Institute,* 636 F.2d 163, 166 (6th Cir.1980); *E.I. duPont de Nemours & Co. v. Finklea,* 442 F.Supp. 821, 825 (S.D. W.Va.1977)). The Texas Rules of Civil Evidence contain a physician/patient privilege which provides that "[r]ecords of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are privileged and may not be disclosed." TEX.R.CIV.EVID. 509(b)(2) (West 1990). Further, section (e)(3) of Rule 509 provides that "[a]ny person who received information made privileged by this rule may disclose the information to others only to the extent consistent with the authorized purposes for which consent to release the information was obtained." Also, section 5.08(c) of the Medical Practice Act, TEX.REV.CIV.STAT.ANN. art. 4495b, prohibits the unauthorized disclosure of medical information by *any* person who obtains the information. *Cassingham*

*v. Lutheran Sunburst Health Services,* 748 S.W.2d 589, 591 (Tex.App.—San Antonio 1988, no writ).

In the instant case, the claims files contain an "Authorization to Release Information". This authorization allows the treating physicians and hospitals of the individual claimants to release information to *relator*. The authorization does not, however, authorize relator to release the medical information to others. Thus, if relator were required to provide unredacted copies of the claims files to the real parties in interest, the privacy rights of these non-parties would be violated and relator would be exposed to liability for invasion of that right of privacy.

The real parties in interest have not shown any legitimate right to or interest in the *names* of the other claimants. We find that relator's interest in protecting the privacy rights of its claimants clearly outweighs any right the real parties in interest have to discover the identities of the other claimants.

We further find that relator has a legitimate interest in protecting the identities of the claimants whose claims files have been produced, and that the real parties in interest will not have their case against relator prejudiced if they are provided only files with the names and other identifying information redacted.

We hold that the respondent has abused his discretion by ordering relator to produce unredacted copies of the information to the real parties in interest. We are confident that respondent will vacate his order of June 5, 1990 and will allow relator to produce only redacted copies of the information sought by the real parties in interest. Only if he fails to do so will mandamus issue.