**In re David DOLEZAL.**

No. 13–98–074–CV.

Court of Appeals of Texas, Corpus Christi.

April 30, 1998.

tained in an automobile accident. Michael Gordon Lee, the defendant in that suit, and real party-in-interest here, noticed Dolezal's deposition and included a subpoena duces tecum requiring Dolezal to appear and produce particular records. Dolezal filed a motion to quash, which Respondent denied.

A discovery order is improper if it compromises a person's right to possible claims of privilege or mandates the disclosure of privileged information that exceeds the scope of discovery. *Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 553 (Tex.1990); *Mutter v. Wood,* 744 S.W.2d 600, 601 (Tex. 1988). Mandamus "is the appropriate remedy when the trial court has erroneously granted discovery of non-discoverable documents. Remedy by appeal in that case is ineffective, because once revealed, the documents cannot be protected." *Cigna Corp. v. Spears,* 838 S.W.2d 561, 564 (Tex.App.—San Antonio 1992, orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992)).

Twelve groups of documents were requested in Lee's subpoena duces tecum. When it became apparent that not all requested items were in dispute, we recessed oral argument and ordered the parties to confer and attempt to reach a consensus as to which requested items Dolezal was contesting. Thereafter, the parties agreed that only five requests are at issue. For the reasons set out below, we conclude some of the requested documents are privileged, and the others are improperly requested solely to impeach Dolezal's credibility, and thus, Respondent abused her discretion in denying Dolezal's motion to quash.

William R. Holms, Corpus Christi, for relator.

Vaughan Waters, Thornton, Summers, Biechlin, Dunham & Brown, Larry A. Matthys, Jonathan R. Bonilla, Corpus Christi, for real parties in interest.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

This original proceeding involves the propriety of Respondent, the Honorable Nanette Hassette's [1] denial of Relator, Dr. David Dolezal's motion to quash a deposition duces tecum. We conditionally grant the requested relief.

Dolezal is a doctor of chiropractic and treated the plaintiff in the underlying suit, Randy Lawson, for injuries Lawson sus-

**Requests Require the Disclosure of Privileged Information**

In response to Dolezal's claim the requested documents are privileged, Lee contends the subpoena duces tecum does not seek the disclosure or communication between Dolezal and any patient other than Lawson; nor does he seek the disclosure of billing records of other patients of Dolezal except for those who have filed lawsuits or claims. A review of the subpoena duces tecum served by Lee upon Dolezal belies this

1. Judge of the 28th Judicial District Court of Nueces County, Texas.

contention. The subpoena duces tecum required Dolezal to provide:

8. the **names of all patients** seen by Dr. David Dolezal, at the request of Bonilla & Berlanga, Inc., and/or Jonathan R. Bonilla **at any time and for any reason** within the last three years, indicating the number of times the Plaintiff has been seen [2]at the request of said firm or attorney;

9. **a list of all patients** Dr. David Dolezal has seen, treated, reviewed, diagnosed or provided care **in any form or fashion**, represented by the law firm of Bonilla & Berlanga, Inc., and/or Jonathan R. Bonilla within the last three years;

(Emphasis added). These requests clearly request information on **all** patients that have **any** type of connection to the Bonilla law firm, regardless of whether a lawsuit has been filed.

■ The medical records of an individual are within a zone of privacy protected by the United States Constitution. *Alpha Life Ins. Co. v. Gayle*, 796 S.W.2d 834, 836 (Tex. App.—Houston [14th Dist.] 1990, no writ); *Tarrant County Hosp. Dist. v. Hughes*, 734 S.W.2d 675, 679 (Tex.App.—Fort Worth 1987, orig. proceeding).

The Texas Rules of Civil Evidence contain a physician/patient privilege which provides that a communication is "confidential" if

not intended to be disclosed to third persons other than those present to further the interest of the patient in the consultation, examination, or interview, or persons reasonably necessary for the transmission of the communication, or persons who are participating in the diagnosis and treatment under the direction of the physician, including members of the patient's family.

TEX.R. CIV. EVID. 509(a)(3). Rule 509 further provides:

(1) Confidential communications between a physician and a patient, relative to or in connection with any professional services rendered by a physician to the patient are privileged and may not be disclosed.

(2) Records of the **identity**, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed.

■ TEX.R. CIV. EVID. 509(b) (emphasis added). Dolezal, as the treating physician,[3] may claim the privilege on behalf of his patients. TEX.R. CIV. EVID. 509(c)(2). The provisions of rule 509(b)(2) and (c)(2) are mirrored in the Medical Practice Act, TEX.REV.CIV. STAT. ANN. art. 4495b § 5.08(b), (e) (Vernon Pamph.1998). The Act further provides that

(c) Any person who receives information from confidential communications or records as described in this section other than the persons listed in Subsection (h) of this section who are acting on the patient's behalf may not disclose the information except to the extent that disclosure is consistent with the authorized purposes for which the information was first obtained.

TEX.REV.CIV. STAT. ANN. art. 4495b § 5.08(c) (Vernon Pamph.1998); *see also Cassingham v. Lutheran Sunburst Health Serv.*, 748 S.W.2d 589, 591 (Tex.App.—San Antonio 1988, no writ).

Thus, if Dolezal were required to provide the information requested in the subpoena duces tecum, the privacy rights of non-party patients would be violated and Dolezal would be exposed to liability for invasion of that

---

2. During oral argument, counsel for Lee conceded the wording of this request was ambiguous and probably pertained only to Lee. However, because we cannot reconcile the phrase "the names of all patients" with the phrase "the number of times **the Plaintiff** has been seen," and because we should attempt to harmonize the request if possible, we conclude the word "Plaintiff" was a typographical error and read the phrase as "indicating the number of times the **patient** has been seen."

3. We are aware that as a chiropractor, Dolezal is not, technically, a physician. He is, however, a doctor of chiropractic. For purposes of maintaining the confidentiality of a patient's records, we cannot conceive of any rational basis upon which to distinguish between a doctor of medicine or osteopathy and a doctor of chiropractic.

right of privacy. *Gayle,* 796 S.W.2d at 836. As requested items 8 and 9 call for the production of privileged, confidential information, respondent abused her discretion by ordering Dolezal to produce the documents requested in these categories.

Lee also asked Donezal to produce

4. All billing records for services afforded to attorneys or patients involving lawsuits *or claims* within the last three years.

(Emphasis added.) To the extent the request calls for the production of billing records for services to attorneys or patients involving claims rather than lawsuits, Lee's argument that the documents are public records fails. Merely because a person is represented by an attorney, or has filed a claim with an insurance company does not necessarily mean the person has or will file a lawsuit or has consented to making his medical records public. We conclude the items requested in item 4 with respect to claims made are also privileged and protected from discovery.

**Documents Requested Solely to Impeach Dolezal**

 A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Packer,* 827 S.W.2d at 840; *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 919 (Tex.1991). For the reasons set out below, we find respondent failed to properly interpret and apply the law regarding discovery of evidence to impeach a nonparty witness.

 The subpoena duces tecum required Dolezal to provide

6. a list of any and all attorneys which have referred patients to Dr. David Dolezal in the last three years, including the number of referrals from each office;

7. the name of any and all attorneys or law offices for which Dr. David Dolezal

has provided medical services, treatments, opinions, diagnoses or any other type care pursuant to a letter of protection or similar agreement in the last three years, including the number of such agreements made with each attorney

Lee argued to Respondent and to this Court that he was entitled to these records to show bias on the part of Dolezal and to impeach his credibility.[4] This issue was addressed by the supreme court in *Russell v. Young,* 452 S.W.2d 434 (Tex.1970). In *Russell,* a party sought wholesale discovery of medical, accounting, and financial records of a potential medical expert witness who was not a party to the lawsuit. The question decided by the *Russell* court was whether the records of a potential witness in a lawsuit were discoverable prior to trial in instances where the potential witness was not a party to the lawsuit, whose credibility had not been put in issue, and where the records did not relate directly to the subject matter of the pending suit and were sought to be discovered for the sole purpose of impeachment of such witness by showing his bias and prejudice. *Id.* at 435. Reasoning that "[t]here is ... a limit beyond which pre-trial discovery should not be allowed," *Id.* at 437, the supreme court held that under these circumstances, the documents were not discoverable, and the court directed the trial court to vacate its order allowing the requested discovery. *Id.* at 435.

In doing so, the supreme court expressly recognized

that in order to show bias and prejudice an expert medical witness may be cross-examined regarding the number of times he has testified in lawsuits, payments for such testifying and related questions. We do not disturb the law governing the cross-examination of witnesses to show bias and prejudice. However, the law governing cross-examination does not necessarily govern discovery of records.

---

4. In addition to documents represented by items six and seven, Lee's counsel asserted during oral argument that impeachment was the primary

reason why Lee was requesting the documents in item number four.

*Russell,* 452 S.W.2d at 436. The supreme court was persuaded by the fact that Dr. James C. Sharp, the physician whose records were at issue, had not yet taken the witness stand; nor had his deposition been introduced into evidence because there had not yet been a trial: "[Dr. Sharp's] records cannot possibly have impeachment value because there is nothing yet to impeach and there may never be anything to impeach, depending upon the contents of the testimony, if any, which is introduced during the trial of the lawsuit." *Russell,* 452 S.W.2d at 437.

We also find *Walker v. Packer,* 827 S.W.2d at 838, persuasive. There, the Walkers presented to the trial court evidence of a specific circumstance—that the witness's employer had a policy of restricting the faculty's freedom to testify for plaintiffs—raising the possibility that the witness was biased. The court found the Walkers were not engaged in global discovery of the type disapproved in *Russell;* rather, they narrowly sought information regarding the potential bias suggested by the witness's ***own deposition testimony*** and that of his professional colleague. *Id.* at 838. The witness in Walker had already been deposed and his potential bias developed at the time the Walkers requested the discovery at issue.

■ Lee claims Dolezal's credibility has already been placed in issue because Dolezal testified he (1) actively solicited business from attorneys; (2) has received referrals from attorneys; and (3) at one time officed in the same building as the Bonilla law firm. Lee fails to recognize that this testimony was elicited in a bill of exceptions after Respondent denied Dolezal's motion to quash. We do not consider the bill of exceptions in resolving the issues presented in this mandamus. Contrary to Lee's assertions during oral argument, the record clearly shows the testimony contained in the bill of exceptions was not before the trial court during the hearing.[5] The testimony is not properly before us in this original proceeding and cannot be considered as evidence. *Giles v. Cardenas,* 697 S.W.2d 422, 426 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

We find nothing in the record before us to indicate Dolezal is biased or prejudiced in favor of Lawson or the Bonilla law firm. While Lee is certainly entitled to show that Dolezal may be biased and prejudiced in favor of plaintiffs generally, he is not entitled to a wholesale discovery of Dolezal's contacts with attorneys representing plaintiffs in order to do so.

Accordingly, we conditionally grant Dolezal's petition for writ of mandamus. Respondent is directed to vacate her order of December 18, 1997 with respect to items 4 and 6 through 9.[6] The writ of mandamus will issue only in the unlikely event she does not do so.

---

**5.** At the conclusion of the hearing, Respondent stated: "Okay. The Court is going to reaffirm it's [sic] prior decision and your motion to quash is denied." After asking Respondent for time so that this mandamus could be filed, the following exchange took place:

Counsel: I guess I would just like to make a bill of exception on this to have something for the Court of Appeals to review with regard to Dr. Dolezal; so I call him to the stand.

The Court: Okay.

After completion of the bill of exception, Respondent inquired whether counsel had completed the bill of review testimony and stated, "Okay. The Court's order still stands. Motion denied to quash." Respondent never stated she was considering the testimony.

**6.** Our disposition makes it unnecessary to address Dolezal's contention that production of the requested documents would be burdensome.