TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00628-CV





In re Metropolitan Life Insurance Company






ORIGINAL PROCEEDING FROM TRAVIS COUNTY






 In this original proceeding, relator, Metropolitan Life Insurance Company ("Met
Life") seeks a writ of mandamus directing the district court to vacate its November 13, 1998 order
granting plaintiffs and real-parties-in-interest Martha and Randy Teutsch's motion to compel
discovery.

 In the district court, the Teutsches complain that during the sale of life insurance
to them, MetLife and its agent promised that the Teutsches could pay premiums for a set period,
following which the policies would have sufficient accumulated value so that the Teutsches would
not need to pay additional premiums. These types of policies are referred to as "vanishing
premium" or "accelerated payment" policies. The Teutsches allege that these representations were
false, and that they must pay premiums in a greater amount and beyond the period represented by
MetLife's agent in order to keep the policies in force. The Teutsches seek to have the district
court certify their case as a class action, thus allowing it to proceed on behalf of all Texas residents
who purchased life insurance policies from MetLife and were "falsely told that their premiums
would 'vanish' or their policies would otherwise be paid in full by a [certain date]." The case is
before us as a putative class action, as the district court has not conducted a hearing to determine
whether a class should be certified.

 In this posture, the Teutsches requested MetLife, inter alia, to "[i]dentify every
Texas resident who has complained to you or the Texas Department of Insurance, since 1/1/91,
about misrepresentations that premiums for a life insurance policy would be paid for after a certain
number of years, or similar allegations." When MetLife failed to comply with this request, the
Teutsches moved to compel MetLife to provide the information. Following a hearing, the district
court ordered MetLife to fully and completely answer the interrogatory. It is this order that
MetLife seeks to vacate. It is significant that the Teutsches sought, and the district ordered
disclosed, only the identities of those MetLife policyholders who had lodged complaints similar
to those of the Teutsches.

 Mandamus may issue to compel the performance of a ministerial act or duty or to
correct a clear abuse of discretion committed by the trial court. See Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). We may not substitute our judgment for that of the trial court with
respect to matters within the discretion of the trial court. See id. Discovery matters generally fall
within the trial court's discretion. See Flores v. Fourth Court of Appeals, 777 S.W.2d 38, 41-42
(Tex. 1989); Ginsberg v. Fifth Court of Appeals, 686 S.W.2d 105, 108 (Tex. 1985).

 The Teutsches assert that the information sought is relevant in that it will tend to
reflect the elements of numerosity, commonality and typicality required for certification of the
putative class. See Tex. R. Civ. P. 42(a). They also contend that the evidence is relevant to prove
their individual claims, in that it could tend to prove that MetLife was engaged in an unfair or
deceptive course of dealing in the business of insurance. Relevant evidence is that evidence
"having any tendency to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the evidence." Tex. R. Evid
401. Before a class is certified, a case is treated as though it is brought by the plaintiff
individually or on its own behalf. America Online, Inc. v. Williams, 958 S.W.2d 268, 273 (Tex.
App.--Houston [14th Dist.] 1997, no writ). The Teutsches contend, and MetLife concedes, that
the information sought is relevant to the Teutsches individual claims.

 MetLife, however, argues that the identity of its complaining policyholders should
not be discoverable because those policyholders have an expectation of privacy, which must be
weighed against a general right to discovery, and the district court failed to consider any rights
of the policyholders. MetLife directs us to Alpha Life Insurance Co. v. Gayle, 796 S.W.2d 834
(Tex. App.--Houston [14th Dist.] 1990, orig. proceeding) to support its position. Alpha Life,
however, concerned medical records held to be "within a zone of privacy protected by the United
States Constitution." See id. at 836. Further, the information sought was subject to the
physician/patient privilege. See id. In the record before us, no such "zone of privacy" or
privilege is apparent.

 Based on a careful consideration of the record, we cannot say that the district court
abused his discretion in ordering the disclosure of the identities of other MetLife policyholders
who made similar complaints to those of the Teutsches. Accordingly, we deny MetLife's petition
for mandamus.


 Because we deny MetLife's petition for mandamus, the stay previously issued by
the Court on November 20, 1998, is lifted. 



 

 Lee Yeakel, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Mandamus Denied

Filed: March 11, 1999

Do Not Publish



olicies would otherwise be paid in full by a [certain date]." The case is
before us as a putative class action, as the district court has not conducted a hearing to determine
whether a class should be certified.

 In this posture, the Teutsches requested MetLife, inter alia, to "[i]dentify every
Texas resident who has complained to you or the Texas Department of Insurance, since 1/1/91,
about misrepresentations that premiums for a life insurance policy would be paid for after a certain
number of years, or similar allegations." When MetLife failed to comply with this request, the
Teutsches moved to compel MetLife to provide the information. Following a hearing, the district
court ordered MetLife to fully and completely answer the interrogatory. It is this order that
MetLife seeks to vacate. It is significant that the Teutsches sought, and the district ordered
disclosed, only the identities of those MetLife policyholders who had lodged complaints similar
to those of the Teutsches.

 Mandamus may issue to compel the performance of a ministerial act or duty or to
correct a clear abuse of discretion committed by the trial court. See Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). We may not substitute our judgment for that of the trial court with
respect to matters within the discretion of the trial court. See id. Discovery matters generally fall
within the trial court's discretion. See Flores v. Fourth Court of Appeals, 777 S.W.2d 38, 41-42
(Tex. 1989); Ginsberg v. Fifth Court of Appeals, 686 S.W.2d 105, 108 (Tex. 1985).

 The Teutsches assert that the information sought is relevant in that it will tend to
reflect the elements of numerosity, commonality and typicality required for certification of the
putative class. See Tex. R. Civ. P. 42(a). They also contend that the evidence is relevant to prove
their individual claims, in that it could tend to prove that MetLife was engaged in an unfair or
deceptive course of dealing in the business of insurance. Relevant evidence is that evidence
"having any tendency to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the evidence." Tex. R. Evid
401. Before a class is certified, a case is treated as though it is brought by the plaintiff
individually or on its own behalf. America Online, Inc. v. Williams, 958 S.W.2d 268, 273 (Tex.
App.--Houston [14th Dist.] 1997, no writ). The Teutsches contend, and MetLife concedes, that
the informati