

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00349-CV

IN RE RAMIN SIROOSIAN,                                          RELATORS
CHIROPRACTIC DOCTORS CLINIC
AND TINA YESHIGETA

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. CV-2013-01306

----------

## CONCURRING AND DISSENTING OPINION

----------

While I agree with the majority opinion that several of the trial court's approved deposition questions are beyond the scope of allowable discovery, I believe four of the nine questions are within the trial court's discretion to order answered; therefore, I respectfully dissent to a portion of the majority opinion and judgment.

During this hotly contested discovery process, Dr. Siroosian, an originally designated expert and treating physician for the plaintiff—and one of the relators

herein—refused to answer some of the questions posed during his deposition. Much of the parties' briefing focuses on the alleged change in designation of this expert, whether by trial court order or party representation. Suffice it to say, the parties disagree over what exactly happened at a hearing they both attended regarding this witness, related sanctions orders, and the trial court's order on further questions to this deponent.

My reading of the record indicates that the plaintiff originally designated this expert as a fact witness regarding "any matter contained in [his] deposition testimony, if any, as well as to any matter contained in [his] medical and billing records." Later, the trial court ordered that the witness's section 18.001 affidavit as to medical expenses and their reasonableness be struck. However, at the hearing on defendant real party in interest's motion to compel the witness to answer the deposition questions, the plaintiff and the trial court agreed that the witness's designation was thereafter to be limited to reasonableness and necessity of medical expenses, and the trial court allowed the section 18.001 affidavit to be admitted at trial.[1] Although defendant's counsel initially objected,

---

[1]The following exchange occurred at the motion to compel hearing:

[DR. SIROOSIAN'S COUNSEL]: And so for purposes of the record, so I understand for my client, that Dr. Siroosian has -- designation has been limited to reasonable and necessary; is that right?

THE COURT: He has taken out the causation designation.

[PLAINTIFF'S COUNSEL]: That's correct. Just reasonable and necessity.

he later informed the trial court that he could subpoena Dr. Siroosian because of a letter of protection in the file and question Dr. Siroosian about his potential bias with respect to billing practices.

When determining whether the trial court abused its discretion in ordering discovery, we must be mindful that the purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). The rules governing discovery do not require as a prerequisite to discovery that the information sought be admissible; it is enough that the information appears reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 192.3(a).

Rule 192.3(e) provides that a party may discover "any bias" of a testifying witness. Tex. R. Civ. P. 192.3(e). Rule 195.4 allows a party to take an oral deposition of an expert witness on "discoverable matters," including "the subject matter on which the expert is expected to testify" and "the facts known to the expert (regardless of when the factual information was acquired) that relate to or

---

[DR. SIROOSIAN'S COUNSEL]: So reasonable and necessity is the only thing he is designated on.

THE COURT: Is that correct?

[PLAINTIFF'S COUNSEL]: Yes, Your Honor, that is absolutely correct. . . . [T]he sole thing we want Dr. Siroosian on right now, reasonableness and necessity to be proved through 18.001 affidavits. Very simple.

3

form the basis of the testifying expert's mental impressions and opinions." Tex. R. Civ. P. 195.4.

As to questions b, c, h, and i regarding Dr. Siroosian's knowledge of subsequent collection efforts and patient recovery of damages in other cases in which letters of protection were issued, this case is distinguishable from *National Lloyds Insurance Co.*, *Russell*, *Weir*, and *Olinger,* cited by the majority, as well as other cases applying the principles discussed in those cases.[2]  In all of those cases, the requested discovery was either overly broad, sought detailed, personal or private records and information, or both.

Here, the defendant's counsel specifically disclaimed seeking any patient names or records; instead, he was seeking to use questions with a narrowed scope to discover the witness's potential bias in this particular case by seeking to discover whether collection efforts or billing-related matters were handled differently because of this particular plaintiff's lawyer.[3]  *See* Tex. R. Civ. P. 192.3(a), 192.3(e), 195; *see also Walker v. Packer*, 827 S.W.2d 833, 838 (Tex. 1992) (orig. proceeding) (describing holding of *Russell* as based on "wholesale

---

[2]*See also, e.g.*, *In re Ford Motor Co.*, 427 S.W.3d 396, 397–98 (Tex. 2014) (orig. proceeding) (overly broad requests sought detailed financial information); *In re Dolezal*, 970 S.W.2d 650, 653–54 (Tex. App.—Corpus Christi 1998, orig. proceeding) (request sought specific documents regarding "any and all attorneys or law offices").

[3]In her sur-reply, relator's counsel argued, "Should answers to those questions reveal that Dr. Siroosian does not actually look to the Plaintiff for payment of her medical bills (a question Dr. Siroosian refused to answer), Defendant will seek leave of the trial court to file a controverting affidavit under Section 18.001(e)(2)."

discovery of financial records" of a nonparty, potential medical expert witness solely for the purpose of impeaching the witness when no circumstances indicated a possibility for bias). Thus, I believe questions b, c, h, and i are permitted and governed by the general discovery rules and do not run afoul of the limitations set forth in the cited cases and other cases following them.

Accordingly, I would grant mandamus relief solely as to questions a, d, e, f, and g. I would deny the petition as to questions b, c, h, and i.

/s/ Terrie Livingston
TERRIE LIVINGSTON
CHIEF JUSTICE

DELIVERED: December 9, 2014