**Dr. Sheff D. OLINGER, Relator,**

v.

**Hon. Ken CURRY, Judge, 153rd District Court, Tarrant County, Texas, Respondent.**

No. 2–96–143–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 5, 1996.

Colaneri & Renwick, P.C., Malcolm G. Renwick, Arlington, for Relator.

Ken Curry, Judge, Fort Worth, for Respondent.

Noteboom Law Offices, Jay K. Gray, Hurst, for Deaver.

Vial, Hamilton, Koch & Knox, J. Mark Hansen, Dallas, for Hathcock.

Before CAYCE, C.J., and LIVINGSTON and HOLMAN, JJ.

## OPINION

CAYCE, Chief Justice.

This original mandamus action involves a pretrial discovery request for the federal income tax returns of relator Dr. Sheff D. Olinger, an expert witness for the defense in the underlying suit for personal injury. The main question presented is whether the federal income tax returns of an expert witness in a lawsuit are discoverable before trial, where the expert's credibility has not been put in issue and where the tax returns do not relate directly to the subject matter of the pending suit and are sought to be discovered for the sole purpose of impeachment of the expert by showing his bias and prejudice. We hold that the trial court clearly abused its discretion in ordering relator to produce his federal income tax returns and that relator has no adequate remedy by appeal. Thus, mandamus is appropriate, and we conditionally grant the writ.

On April 27, 1991, plaintiff Taner Deaver, a minor child, was riding in a car that was involved in a collision with Dana Hathcock, an underinsured motorist. Kimberly Deaver, individually and as next friend of Taner Deaver, sued Hathcock alleging negligence. In the suit, Deaver alleges that Hathcock is covered under an underinsured motorist provision of a policy of insurance issued by Mid-Century Insurance Company to Carol Roberts. Mid-Century refused to pay Deaver, who then sued Mid-Century in the same suit alleging breach of contract, violations of the DTPA and the Insurance Code, breach of fiduciary duty, and bad faith.

Dr. Olinger was identified by Hathcock as an expert witness. After Dr. Olinger's designation, Deaver requested Dr. Olinger's income tax returns for the years 1990–1993. The request was made through a subpoena duces tecum in connection with a deposition notice that was served on Dr. Olinger on August 15, 1995. Dr. Olinger appeared at the deposition without an attorney and made an oral objection to the request for the tax returns on the ground that it constituted an invasion of his privacy. Later in the deposition, Dr. Olinger admitted that approximately 90% of his expert consultation services had been provided for defendants as opposed to personal injury plaintiffs. He also testified that "the success [of the party who retains him to testify] ... is not my concern."

On January 9, 1996, Deaver filed a motion to compel production of the tax returns. At a second hearing on the motion to compel on March 29, 1996, Dr. Olinger urged in person and through his attorney that the income tax returns were irrelevant to the lawsuit and that production of the returns constituted an unnecessary invasion of his privacy as a nonparty witness. He also produced the income tax returns for *in camera* review. After inspecting the tax returns, the respondent signed an order on May 23, 1996, requiring that Dr. Olinger produce the following documents within ten days from the date of the order:

1. All schedule C's dealing with Dr. Olinger's medical practice and/or his consultation business;

2. All form 4562's (depreciation and amortization schedules) which contain sums carried over to the schedule C's; and

3. All supporting schedules for the above schedules attached to the tax returns.

Under the rules of discovery, a party may seek any information that "appears reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 166b(2)(a); *Walker v. Packer*, 827 S.W.2d 833, 838–39 (Tex.1992) (orig.proceeding). Generally, evidence of bias of a witness is relevant and admissible. *See* TEX. R. CIV. EVID. 613(b).

■ It is well established that to show bias and prejudice, an expert medical witness may be cross-examined regarding the number of times he has testified in lawsuits, payments for such testifying, and related questions. *Russell v. Young,* 452 S.W.2d 434, 436 (Tex.1970) (orig.proceeding). However, the law governing cross-examination for the purpose of showing bias and prejudice does not necessarily open the door to the discovery of records. *Id.* For example, in *Russell,* a case similar to the one before us, a party sought wholesale discovery of financial records of a potential medical expert witness who was not a party to the lawsuit. The documents requested were sought solely in an attempt to impeach the potential witness by showing bias or prejudice. The credibility of the witness, however, had not yet been put in doubt. Under those circumstances, the Supreme Court of Texas held that the documents were not discoverable. *Id.* at 435.

The discovery of income tax returns was specifically addressed by the supreme court in *Maresca v. Marks,* 362 S.W.2d 299 (Tex. 1962) (orig.proceeding). In *Maresca,* the court stated:

> The protection of privacy is of fundamental—indeed, of constitutional—importance. Subjecting federal income tax returns of our citizens to discovery is sustainable only because the pursuit of justice between litigants outweighs protection of their privacy. But sacrifice of the latter should be kept to the minimum, and this requires scrupulous limitation of discovery to information furthering justice between the parties which, in turn, can only be information of relevancy and materiality to the matters in controversy.

*Id.* at 301. More recently, the supreme court in *Hall v. Lawlis,* 907 S.W.2d 493 (Tex.1995) (orig.proceeding) issued mandamus to prevent the discovery of the personal income tax returns of the defendant in a case alleging wrongful termination, conspiracy, defamation, and malicious prosecution. Finding that the tax returns were irrelevant, the court said,

> Income tax returns are discoverable to the extent they are relevant and material to the issues presented in the lawsuit.

*Maresca v. Marks,* 362 S.W.2d 299, 300–01 (Tex.1962) [ (orig.proceeding) ]; *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434, 440 (1959) [ (orig.proceeding) ], *disapproved in part on other grounds by Walker v. Packer,* 827 S.W.2d 833, 842 (Tex.1992). We have, however, expressed our "reluctance to allow uncontrolled and unnecessary discovery of federal income tax returns." *Sears, Roebuck & Co. v. Ramirez,* 824 S.W.2d 558, 559 (Tex.1992) [ (orig.proceeding) ].

*Id.* at 494–95.

■ The income tax returns sought in the instant case are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. During Dr. Olinger's deposition, Deaver thoroughly questioned Dr. Olinger about his medical practice and whether his work consisted primarily of defense or plaintiff referred employment. In response to those questions, Dr. Olinger flatly admitted that approximately 90% of his expert consultation services have been provided for defendants, as opposed to personal injury plaintiffs. Thus, if the tax returns are sought to show that Dr. Olinger is biased simply because he receives most of his income as an expert from defendants, the tax returns would not lead to the discovery of admissible evidence under Rule 613(b). *See* TEX. R. CIV. EVID. 613(b) (extrinsic evidence of bias is not admissible if the witness "unequivocally admits such bias or interest"). On the other hand, if Deaver is seeking the tax returns solely to attack the credibility of Dr. Olinger's deposition testimony that "the success [of the party who retains him to testify] ... is not my concern," the tax returns are not reasonably calculated to lead to the discovery of admissible evidence under Rule 608(b). *See* TEX. R. CIV. EVID. 608(b) ("Specific instances of the conduct of a witness [other than criminal convictions], for the purpose of attacking ... his credibility ... may not be ... proved by extrinsic evidence."). Deaver has offered no other basis for seeking the tax returns.

Under the facts of this case, we conclude that Dr. Olinger's right of privacy in his federal income tax returns is not outweighed by the pursuit of justice between the litigants

in the underlying lawsuit. Subjecting an expert medical witness in a civil case to produce income tax returns merely to show that he is a "defense" doctor, particularly when he has admitted that 90% of his work is for defendants, would permit experts on either side of the case to be subjected to harassment and might well discourage reputable experts from accepting employment in other cases. *See Ex parte Shepperd,* 513 S.W.2d 813, 816 (Tex.1974) (orig.proceeding). We therefore find that the trial court abused its discretion in ordering the production of Dr. Olinger's tax returns. This conclusion is guided by the historic reluctance of Texas courts to allow "uncontrolled and unnecessary discovery of federal income tax returns." *See Ramirez,* 824 S.W.2d at 559.

■ Deaver contends Dr. Olinger waived his objections to discovery of the tax returns because he did not file a motion with the court before or at the time of his deposition seeking to resist production of the documents. As support, Deaver relies on Rule 177a, which states that the court may "on motion made seasonably and in any event at or before the time specified in the subpoena for compliance therewith" quash or modify the subpoena. TEX. R. CIV. P. 177a.

A witness in a civil action may be compelled by subpoena duces tecum to produce documents within his or her care, custody, or control. TEX. R. CIV. P. 201(2). This subpoena power is subject to the provisions of Rules 177a and 166b. *Id.* Under Rule 177a, the trial court has the discretion to quash or modify a subpoena on motion filed at or before the time specified in the subpoena for compliance. TEX. R. CIV. P. 177a.

Dr. Olinger did not seek to quash or modify the subpoena for his income tax returns. Consequently, the procedures of Rule 177a do not apply. Therefore, the question we must decide is whether Dr. Olinger made a timely objection to the discovery request under Rule 166b(4). We conclude that he did.

Rule 166b(4) provides, in part, as follows:

Either *an objection* or a motion for protective order made by a party to discovery *shall preserve that objection without further support or action by the party unless the objection or motion is set for hearing and determined by the court.* ... After the date on which answers are to be served, objections are waived unless an extension of time has been obtained by agreement or order of the court or good cause is shown for the failure to object within such period.

TEX. R. CIV. P. 166b(4) (emphasis supplied). An objection is timely under Rule 166b(4) if made at the time the response to the discovery request is due, unless the parties agree to extend the time for response. *Id.*

In the instant case, Dr. Olinger appeared at his deposition at the time and place designated and made an objection to the request for the tax returns at that time. He later appeared at two hearings on Deaver's motion to compel production of the tax returns in which he reiterated his objection and then submitted the tax returns to the court for *in camera* inspection. We hold that Dr. Olinger's oral objection at the time and place the subpoena commanded him to appear was timely under Rule 166b(4), and thus operated to preserve the objection until Deaver's motion to compel was set for hearing and Dr. Olinger filed his written response.

Even assuming the objection was late, it was not waived. Rule 166b(4) requires an objection be made only in response to "an *appropriate* discovery request within the scope of paragraph 2." TEX. R. CIV. P. 166b(4) (emphasis supplied); *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex.1995) (orig.proceeding). Discovery is limited to matters relevant to the case. TEX. R. CIV. P. 166b(2)(a); *General Motors Corp. v. Lawrence,* 651 S.W.2d 732, 734 (Tex.1983) (orig.proceeding). Because we have held Deaver's request was not appropriate because of its irrelevance, any deficiency in the timing of Dr. Olinger's objection could not constitute waiver. *Sanderson,* 898 S.W.2d at 815.

■ Having determined that the trial court clearly abused its discretion in ordering the production of Dr. Olinger's federal income tax returns under the facts of this case, we must next determine whether the error can be remedied by ordinary appeal. Mandamus will issue only where there is no

adequate remedy at law such as normal appeal. *Walker*, 827 S.W.2d at 840; *MCI Telecommunications Corp. v. Crowley*, 899 S.W.2d 399, 404 (Tex.App.—Fort Worth 1995, orig. proceeding). According to the supreme court, there is no adequate remedy by appeal for compelling the production of income tax returns. *Hall*, 907 S.W.2d at 495; *Walker*, 827 S.W.2d at 843.

We hold that Dr. Olinger has no adequate remedy by appeal. The income tax returns sought by Deaver and ordered discoverable by the trial court are not only irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, but would irreparably violate Dr. Olinger's privacy.

Deaver would obtain no discernable benefit from the tax returns. Mandamus is, therefore, available to correct the trial court's abuse of discretion.

We conditionally grant relator's petition for writ of mandamus. A writ will issue only if respondent fails to vacate his May 23, 1996 order.