IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00315-CV

 

In re
George Wharton, M.D

 

 

 



Original Proceeding

 



CONCURRING Opinion



 








          I cannot tell if the Court rejects the trial court’s order because
1) the record does not reflect that Wharton will be an expert witness at trial;
2) Wharton’s credibility has not been put at issue at this juncture; or 3)
Johnson failed to present evidence raising the possibility that Wharton is
biased.

          The “new” Rule 192.3 of the Rules of
Civil Procedure appears to broaden, to some extent, what is discoverable from
an expert by expressly authorizing discovery of bias.  But discovery of expert
bias evidence must be closely monitored and controlled by the trial court.  In
this instance, I believe it is sufficient to order the trial court to withdraw its
discovery order because it is overly broad.  The testimony already elicited and
produced in discovery may be some evidence of bias, but by no means is it
conclusive evidence of bias.  But some evidence of bias does not authorize
litigants to obtain every shred of paper that may possibly confirm the bias.

          Because Wharton has testified, or
consulted, in many cases, he may have testimony, given over a period of time,
which appears to be contradictory.  Contradictory testimony, alone, is not
evidence of bias.  At best, this type of contradictory testimony is evidence
which may be used to impeach a witness.  There is a difference between
impeachment evidence generally and evidence of bias, which is a specific subset
of impeachment evidence.  Discovery of bias evidence is what is expressly permitted
by the rule.  But a document request, or in this case a subpoena duces tecum,
has never been a proper discovery tool to conduct a fishing expedition,
particularly to try to find impeachment evidence limited to bias.  Fish in a
deposition.  Make a request for specific documents.

          What I cannot tell from the majority’s
opinion is whether at the instant it is determined Wharton will be a testifying
expert, all the requested documents are discoverable, or will only be
discoverable if Wharton is a witness and bias is proven to the satisfaction of
the trial court, or whether the discoverability is prohibited until Wharton’s
credibility is made an issue by showing contradictory testimony.  Thus, because
I cannot tell why the majority is conditionally issuing the writ, I cannot join
their opinion.  

          I repeat the appropriate portion of
former Chief Justice Phil Hardberger’s concurring opinion issued by the San Antonio Court, finding these words particularly appropriate to the facts of this case
because, in addition to tax returns, we have the confidential patient
information included in Dr. Wharton’s reports in other litigation that were
ordered by the trial court to be produced in this case:

I concur in the result the majority reaches,
though, not because of the language in Russell, but because the trial
court in this case failed to explore other methods of obtaining the information
contained in Dr. Grossman's income tax schedules before ordering their production. 
See El Centro del Barrio, Inc. v. Barlow, 894 S.W.2d 775, 780 (Tex.
App.—San Antonio 1994, orig. proceeding) (stating tax returns are not material
if the same information can be obtained from another source);  see also
Olinger v. Curry, 926 S.W.2d 832, 834-35 (Tex. App.—Fort Worth 1996, orig.
proceeding) (holding tax returns not discoverable where doctor admitted to
potential bias in deposition); Kern v. Gleason, 840 S.W.2d 730, 738
(Tex. App.—Amarillo 1992, orig. proceeding) (asserting party seeking production
must show information unavailable from another source).  Less intrusive methods
for the discovery of bias exist, such as through depositions as demonstrated in
Olinger.  Protection of privacy is of constitutional importance, and a
trial court abuses its discretion by requiring the disclosure of tax returns
when the same information can be obtained from another source.  Sears,
Roebuck & Co. v. Ramirez, 824 S.W.2d 558, 559 (Tex.1992); El Centro del Barrio, Inc., 894 S.W.2d at 780.

 

          In this case, there was no showing
that the information the plaintiffs sought to obtain was unavailable from
another source, or that the other potential sources of such information, i.e,
interrogatories, requests for admission, depositions, etc., had been pursued
before seeking discovery of the tax returns.  Since the trial court failed to
explore other methods of obtaining the information, it abused its discretion,
and there is no need to determine whether rule 192.3(e)(5) overrules Russell
and its progeny.  Because I believe the majority addresses an important issue
that is not necessary for the resolution of this proceeding, I concur in the
granting of mandamus relief but not the language of the majority's opinion.

  

In re Doctor’s Hosp. of Laredo, Ltd Partnership, 2 S.W.3d 504, 507-508 (Tex. App.—San Antonio 1999,
orig. proceeding) (Hardberger, C.J., concurring).

          Because I believe the scope of the
ordered discovery is overly broad for discovery on the issue of bias, I concur
in the result of this proceeding.

 

 

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
opinion delivered and filed June 15, 2005






style='font-size:14.0pt;font-family:"CG Times"'>Texas

Trial Court # F36313

 



MEMORANDUM 
Opinion



 

      This
appeal concerns convictions for four counts of aggravated sexual assault and
one count of burglary of a habitation. 
We will affirm.

      In
two issues, Appellant contends that his trial counsel failed to render the
effective assistance of counsel.  In his
first issue, Appellant complains of counsel’s representation in the punishment
phase of trial.  In his third issue,
Appellant complains of counsel’s representation in the guilt and punishment
phases.  Appellant contends that counsel
did not render effective assistance in: (1) not introducing more evidence
that Appellant was eligible for probation, (2) not calling witnesses at
the hearing on her motion to suppress evidence or at trial, (3) not setting
hearings on some of her motions, (4) not making an opening statement, (5) improperly
objecting to some of the State’s evidence, and (6) insufficiently
cross-examining the State’s witnesses. 
The record does not show the reasons for counsel’s conduct.  See
Massaro v. United States, 538 U.S. 500, 504-506 (2003); Murphy v. State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003), cert. denied, 124 S. Ct. 1660 (2004). 
None of the conduct of which Appellant complains could never constitute
legitimate strategy.  See Murphy at 601.  We overrule Appellant’s first and third
issues.

      In
Appellant’s second issue, he contends that the trial court erred in overruling
his objections to what Appellant calls “inappropriate references” to him during
the State’s argument in the punishment phase, such as calling him “a predator,”
“a coward,” “a sexual predator,” an “enemy of the State of Texas,” and “evil.” 
These closing arguments by the State constitute reasonable deductions
from the evidence.  See Wesbrook v. State, 29
S.W.3d 103, 115 (Tex. Crim. App. 2000).  The trial court did not err in overruling
Appellant’s objections.  See id. 
We overrule Appellant’s second issue.

      Having overruled Appellant’s issues, we
affirm the judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

      (Justice
Vance concurs with a note.  I believe
that we owe it to the litigants, the higher courts, the Bench and Bar, and the
public generally to provide more of the facts and our analysis in memorandum
opinions such as this, particularly in a case involving five life sentences.  I concur in the result, even though I have
reservations about the propriety of some of the terms used by the prosecution
to describe the defendant in final argument. 
See Tompkins v. State, 774
S.W.2d 195, 217-18 (Tex. Crim. App. 1987), aff'd,
490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989)).

Opinion
delivered and filed October 13, 2004

Affirmed

Do
not publish

[CRPM]