In re Francis W. WEIR, Lincoln Electric Company, Hobart Brothers Company, and the Boc Group, Inc.

No. 09–05–116 CV.

Court of Appeals of Texas, Beaumont.

Submitted April 1, 2005.

Decided June 16, 2005.

Thomas S. Rowatt, John G. Bissell, John W. Bridger, Strong Pipkin Bissell & Ledyard, LLP, David J. Beck, Eric J.R. Nichols, Russell S. Post, Constance H. Pfeiffer, Beck, Redden & Secrest, LLP, Houston, for relators.

Glen W. Morgan, David Ferrell, Chris Portner, Reaud, Morgan & Quinn, Inc., Beaumont, for Appellee.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

PER CURIAM.

The mandamus petition in this proceeding attacks an order compelling testimony. Relators, Lincoln Electric Company, Hobart Brothers Company, and the BOC Group, Inc., are defendants in a multiparty lawsuit. Relator, Francis W. Weir, was retained by Lincoln, Hobart, and BOC to offer expert testimony. The trial court ordered the expert witness to give deposition testimony regarding his litigation-related income for the years 2002, 2003, and 2004, and the percentage of the total income that is litigation-related. Relators request the order be set aside. We conditionally grant the petition for writ of mandamus.

Weir testified by deposition he has charged $450 an hour in this case, plus expenses, and he has worked 20–25 hours. He was questioned by plaintiffs about his consulting work outside of litigation, but he declined to answer. When asked what percentage of his income came from litigation in the last two years, Weir stated he could not answer because he does not subdivide his records by categories. He testified his accountant told him he has no records of the percentage of his income derived from litigation. When asked to reconstruct his sources of income for the last year, Weir testified as follows:

I believe that that falls within the purview of me and the IRS. And that is my position. And then I will tell you the— my knowledge of my income as it pertains to this case, my rate of income, and my understanding of what I can recollect from my work in litigation as it pertains to matters such as this. I don't feel it's either appropriate or anyone's business, including my wife's, what else I make.

The plaintiffs filed a motion to compel. Relators opposed the motion and presented Weir's affidavit explaining he does not maintain his records in a manner that makes the requested information easily obtainable. Weir's affidavit stated:

In addition, I cannot say with certainty how much time I would have to devote to such an effort. I can say it would be many, many hours, which seems to me unwarranted in light of the information I provided to counsel for Plaintiffs, namely, that I have testified almost exclusively for defendants, I charge $450 per hour, and I had devoted approximately 25 hours to the case, as of the date of the deposition.

Nevertheless, the trial court ordered defendants to produce Weir to testify regarding the percentage of his income that was

received from litigation-related work during 2002, 2003, and 2004, and his total income received from litigation-related work for those years. Relators contend the order exceeds the scope of permissible discovery and intrudes into constitutionally protected privacy interests.

■ The issue here involves the scope of permissible pretrial discovery. Proof of bias may be offered to impeach the credibility of a witness. Tex.R. Evid. 613(b). Rule 613(b) of the Texas Rules of Evidence further provides: "If the witness unequivocally admits such bias or interest, extrinsic evidence of same shall not be admitted." *Id.* Generally, an expert witness may be questioned regarding payment received for his work as an expert witness. *Russell v. Young,* 452 S.W.2d 434, 436 (Tex.1970). However, pretrial discovery of all of a witness's accounting and financial records, solely for the purpose of impeachment, may be denied. See generally *Russell,* 452 S.W.2d at 437. In *Russell,* the defendant contended a substantial portion of the plaintiff's expert's income was received from attorneys or patients referred by attorneys, and the defendant sought to discover the expert's accounting and financial records to prove those contentions. *Id.* at 436–37. The Supreme Court held the pretrial discovery sought only for impeachment purposes should not be allowed in that case. *Id.* at 437.

■ Similarly, the Supreme Court has expressed reluctance to permit uncontrolled and unnecessary discovery of federal income tax returns. See *Hall v. Lawlis,* 907 S.W.2d 493, 494–95 (Tex.1995) (Although income tax returns are discoverable when relevant and material to issues presented, the Court is reluctant "to allow uncontrolled and unnecessary discovery of federal income tax returns."); see also *Sears, Roebuck & Co. v. Ramirez,* 824 S.W.2d 558, 559 (Tex.1992). Protecting privacy rights requires scrupulous limitation of discovery to relevant and material information that promotes justice between the parties. *Maresca v. Marks,* 362 S.W.2d 299, 301 (Tex.1962). The trial court must limit the scope of discovery to protect against unreasonably cumulative or duplicative discovery, and to protect against unnecessary burden or expense. *In re Sears, Roebuck & Co.,* 146 S.W.3d 328, 332 (Tex.App.-Beaumont 2004, orig. proceeding). The discovery rules provide access to material information, but the rules also provide effective means of curbing discovery to preserve litigation as a viable, affordable, and expeditious dispute resolution mechanism. See generally *id.* at 331.

■ The real parties in interest, plaintiffs, argue Rule 613(b) does not preclude the requested discovery because Weir has not unequivocally admitted a bias or interest. Tex.R. Evid. 613(b). Rule 613(b) is not a discovery rule, but the information sought under the discovery rules should be reasonably calculated to lead to the discovery of admissible evidence. See Tex.R. Civ. P. 192.3(a). Relators cite *Olinger v. Curry,* 926 S.W.2d 832 (Tex.App.-Fort Worth 1996, orig. proceeding), in support of their argument that the financial information is protected from discovery because Weir admitted he testifies almost exclusively for defendants. Relators also argue that compelling deposition testimony concerning the percentage and the total of Weir's litigation-related income in effect compels disclosure of his total income from all sources.

In *Olinger,* the appellate court did not permit discovery of an expert witness's tax returns when the witness had admitted ninety percent of his services were provided to defendants in litigation. *Id.* at 834. The court reasoned in part as follows:

Subjecting an expert medical witness in a civil case to produce income tax returns merely to show that he is a "defense" doctor, particularly when he has admitted that 90% of his work is for defendants, would permit experts on either side of the case to be subjected to harassment and might well discourage reputable experts from accepting employment in other cases.

*Id.* at 835. The *Olinger* court held the trial court clearly abused its discretion in ordering the production of the expert's tax returns in that case. *Id.* The court further held there was no adequate remedy by appeal and conditionally granted the petition for writ of mandamus. *Id.* at 836.

As in Olinger, privacy concerns are implicated by the discovery sought in this case. See *Olinger,* 926 S.W.2d at 834–35. The parties' interests in obtaining discovery solely for impeachment must be weighed against the witness's legitimate interest in protecting unrelated financial information. To provide the ordered deposition testimony, the witness must review all his financial records for three years, gather financial information, and calculate a total and a percentage. The order in effect requires the witness to testify regarding those calculations.

■ Discovery which is unnecessary or unreasonable does not serve the interest of either party in resolving their dispute. The scope of discovery cannot be unlimited if litigation is to be preserved as an affordable dispute resolution mechanism. See Explanatory Statement Accompanying the 1999 Amendments to the Rules of Civil Procedure Governing Discovery, Order of Approval of the Revisions to the Texas Rules of Civil Procedure, Misc. Docket No. 98–9196 (Tex. Nov. 9, 1998), printed at 61 Tex. Bar J. 1140 (Dec.1998); see also generally *In re Sears,* 146 S.W.3d at 331; Tex.R. Civ. P. 192.4. As explained in Ol-

inger, reputable expert witnesses may be discouraged from accepting employment in any case if to do so would subject them to harassment through unnecessary, burdensome discovery of personal finances. *Olinger,* 926 S.W.2d at 835. Weir has disclosed his hourly rate, his time spent working on the case, and the fact he testifies almost exclusively for defendants. Though Weir may be required to provide an estimate, if he knows, of the percentage of his work that involves litigation, a second oral deposition seems unnecessary to obtain an answer to that question. The deposition ordered here would not materially benefit the dispute resolution process in this case in view of the information already available to the parties and the trial court concerning this expert witness. See Tex.R. Civ. P. 192.4. The intrusion on the witness's privacy interest, the burden in obtaining the information, and the impact on the willingness of reputable experts to provide testimony when needed in litigation outweigh any possible benefit from the additional discovery ordered. See *id.* Under the circumstances of this case, Weir should not be required to do what the Supreme Court held the defendant could not do itself in Russell: review all the expert's unrelated financial records solely to obtain possible impeachment evidence. See *Russell,* 452 S.W.2d at 436–37.

■ A writ of mandamus is appropriate if the trial court abuses its discretion and there is no adequate remedy at law. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). A trial court's ruling that requires discovery beyond what the procedural rules permit is an abuse of discretion. *In re Dana Corp.,* 138 S.W.3d 298, 301 (Tex.2004). If an appellate court cannot remedy a trial court's discovery error on appeal, then an adequate appellate remedy does not exist.

*Id.* Because the information sought to be protected would be disclosed before any appeal would be available, relators lack an adequate legal remedy. *Olinger,* 926 S.W.2d at 836. The petition for writ of mandamus is conditionally granted. The writ will issue only if the trial court does not vacate its order in accordance with this opinion.

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED.