**Thurmon A. RUSSELL et al., Relators,**

**v.**

**Horace YOUNG, District Judge, Respondent.**

**No. B–1953.**

Supreme Court of Texas.

March 25, 1970.

Rehearing Denied April 29, 1970.

Edwards & De Anda, William R. Edwards, Francis I. Gandy, Jr., Corpus Christi, for relators.

Branscomb, Gary, Thomasson & Hall, Gary Norton, Corpus Christi, for respondent.

HAMILTON, Justice.

This is an original mandamus proceeding precipitating out of a workman's compensation lawsuit filed by relator Thurmon A. Russell against Hardware Dealers Mutual Fire Insurance Company. Relator Dr. James C. Sharp (hereinafter referred to as "relator") has examined and treated Russell and is apparently scheduled to testify

during the trial as a medical expert for Russell. Under Rule 202, T.R.C.P., Hardware Insurance Company filed a notice and request to take the deposition of relator, together with a subpoena duces tecum requiring him to produce certain medical, accounting and financial records. The subpoena, dated December 17, 1969, was in regard to relator's possible bias and prejudice. Thereafter, relator filed a Motion to Quash the subpoena duces tecum. Following a hearing, Honorable Horace S. Young, Judge of the 117th Judicial District (hereinafter referred to as "respondent") sustained relator's Motion to Quash as to some of the items listed in the subpoena duces tecum and overruled the Motion to Quash as to the other items, with certain limitations. As a result of respondent's order of January 13, 1970, relator must appear before the 117th District Court for the taking of his deposition and the production of the following items:

(1) Any and all files, records, reports, statements, memoranda, X-rays or other tangible things concerning or used in connection with any examination, treatment or care of Thurmon A. Russell for any injury occurring on or about March 28, 1968, or any other injury, disease, sickness or infirmity of Thurmon A. Russell;

(2) All appointment books maintained by relator during 1969;

(3) All statements, listings, ledgers or other books showing the accounts receivable of relator during 1969;

(4) All deposit slips or tickets showing deposits into bank accounts of relator during 1969;

(5) All statements, listings, ledgers, journals, or other books showing receipt of payments, either in cash, by check or any other means during 1969;

(6) All statements of account or bills for services rendered during 1969;

(7) All accounting ledgers, journals or other books of account of relator maintained during 1969; and .

(8) All financial statements showing income and expenses of relator during 1969.

Relators request this Court to issue a Writ of Mandamus to respondent, ordering him to vacate his order of December 17, 1969, except insofar as it relates directly to Thurmon A. Russell.

The question to be decided is whether the records of a potential witness in a lawsuit are discoverable prior to trial in instances where the potential witness is not a party to the lawsuit and whose credibility has not been put in issue and where the records do not relate directly to the subject matter of the pending suit and are sought to be discovered for the sole purpose of impeachment of such witness by showing his bias and prejudice. We hold that under such circumstances, such records [1] are not discoverable. Therefore, respondent had no authority to order relator to produce items two through eight listed above. Relator's Motion to Quash as to items two through eight listed above should have been sustained.

It is undisputed that relator is not a party to the lawsuit between Russell and Hardware Insurance Company. It is undisputed that the records in question are not material to the subject matter of the pending suit except insofar as they might relate to relator's possible bias and prejudice. Likewise, it is undisputed that the sole purpose for which the records are sought to be discovered is to show relator's possible bias and prejudice.

---

[1]. "Records" as used in our holding is intended to encompass "books, papers, documents and tangible things" as used in the pre-trial discovery rules of procedure.

Hardware Insurance Company contends that relator frequently testifies for personal injury claimants, that many of his patients are referred to him by attorneys, and that a substantial portion of his income is received from attorneys or from patients referred to him by attorneys. To prove these contentions, Hardware Insurance Company has sought to discover relator's accounting and financial records, to be used to show bias and prejudice and thereby reduce relator's credibility as a witness before the jury in the pending lawsuit.

It is true that in order to show bias and prejudice an expert medical witness may be cross-examined regarding the number of times he has testified in lawsuits, payments for such testifying and related questions. Traders & General Ins. Co. v. Robinson, 222 S.W.2d 266 (Tex.Civ.App. 1949) writ ref'd; Horton v. Houston & T. C. Ry. Co., 46 Tex.Civ.App. 639, 103 S.W. 467 (1907) writ ref'd; and Barrios v. Davis, 415 S.W.2d 714 (Tex.Civ.App.1967) no writ hist. We do not disturb the law governing the cross-examination of witnesses to show bias and prejudice. However, the law governing cross-examination does not necessarily govern discovery of records. Apparently the law governing cross-examination prompted respondent's order because the record reflects that respondent stated that " * * * frankly, what we are trying to do is comply with this Barrios case at 415 2nd 714."

This mandamus proceeding involving pre-trial discovery of records of a potential witness for impeachment purposes is a case of first impression in this State. The primary cases cited in the briefs by relators and respondent are Lehnhard v. Moore, 401 S.W.2d 232 (Tex.1966); Maresca v. Marks, 362 S.W.2d 299 (Tex.1962); Neville v. Brewster, 163 Tex. 155, 352 S.W.2d 449 (1962); Crane v. Tunks, 160 Tex. 182, 328 S.W.2d 434 (1959); Texhoma Stores, Inc. v. American Central Insurance Co., 424 S.W.2d 466 (Tex.Civ.App.1968) writ ref'd, N.R.E.; Barrios v. Davis, supra;

Alice National Bank v. Edwards, 408 S.W.2d 307 (Tex.Civ.App.1966) no writ hist.; Hudson v. Smith, 391 S.W.2d 441 (Tex. Civ.App.1965) writ ref'd, N.R.E.; Traders & General Ins. Co. v. Robinson, supra; and Horton v. Houston & T. C. Ry. Co., supra. We do not consider these cases pertinent because none of them involved discovery for impeachment purposes. There is one Texas case which involved discovery of records apparently for impeachment purposes: Green v. Rudsenske, 320 S.W.2d 228 (Tex.Civ.App.1959) no writ hist. Although not a mandamus proceeding, the *Green* case involved two doctors who were witnesses and were subpoenaed to produce certain medical, accounting and financial records, some of which were apparently to be inspected to discover possible evidence showing bias and prejudice. The records were produced before the court and the trial judge examined them to determine their materiality and delivered some of the material records to the opposing counsel. The Court of Civil Appeals opinion does not reveal whether the records delivered to the opposing counsel related directly to the subject matter of the lawsuit or merely to the credibility of the testifying doctors. However, the trial judge denied opposing counsel " * * * the privilege of searching through them in the hope that he might find something beneficial." The Court of Civil Appeals held that such denial was not error. The *Green* case is distinguishable from relator's situation in that the doctors in the *Green* case complied with the subpoena to produce their records, whereas relator is attempting to avoid producing the records described in the subpoena.

Having found no Texas authority, we now turn to decisions in other jurisdictions. Annotation, 18 A.L.R.3rd 922, reveals a split of authority where discovery is used for impeachment purposes only. Many of the cases cited in the Annotation support our holding in this opinion. In Rodriquez v. Pennsylvania R. Co., 11 N.J. Misc. 375, 166 A. 169 (1933), the court held

that records of a person were not discoverable where the only possible use of the reports would be to impeach the testimony of the person should he be called as a witness. In Dienstag v. Athenson & Passin, Inc., 60 N.Y.S.2d 794 (Sup.Ct., N.Y.Co.1946), the court had before it defendant's application for discovery and inspection of certain time records alleged to have been made by plaintiff. The authenticity of the records was not one of the issues in the pending lawsuit. The court refused to allow "* * * discovery and inspection of documents in order to enable one party to an *action to check on the credibility of the other.*" In State ex rel. Boswell v. Curtis, 334 S.W.2d 757 (Mo.App.1960), the court was considering a lower court's order against a party to the pending lawsuit requiring him to produce for inspection, copying, or reproduction certain documents, including his income tax returns. The court stated that discovery of records is not permissible where the records "* * * would be used only for the purpose of impeachment."

Pre-trial discovery procedures are relatively new, beginning with a narrow and limited scope but consistently growing in breadth. See Thode, Some Reflections on the 1957 Amendments to the Texas Rules of Civil Procedure *Pertaining to Witnesses at Trial, Depositions, and Discovery,* 37 Texas L.Rev. 33 (1958) and Labay, Motions for Production of Documents—Texas Style, 1 St. Mary's L.J. 197 (1969). There is, however, a limit beyond which pre-trial discovery should not be allowed. It is admitted by Hardware Insurance Company that its attempted pre-trial discovery of relator's records is for impeachment purposes only. Relator has not yet taken the witness stand nor has his deposition been introduced into evidence because there has not yet been a trial; relator's records cannot possibly have impeachment value because there is nothing yet to impeach and there may never be anything to impeach, depending upon the contents of the testimony, if any, which is introduced during the trial of the lawsuit. See United States v. Certain Parcels of Land, etc., 15 F.R.D. 224 (D.C.S.D.Cal.1953).

We feel certain that respondent will proceed in accordance with the law as we have set it out herein without the necessity of our issuing a writ of mandamus, but in the event he should fail to so proceed the necessary writ will be issued to insure that this opinion is effective.

McGEE, J., concurs in the judgment.