No. 04-99-00465-CV


In Re Doctors' Hospital of Laredo, Limited Partnership,


doing business as Columbia Doctors' Hospital of Laredo



Original Proceeding


Related Trial Court No. 98-CVQ-00011-D2

From the 111st Judicial District, Webb County, Texas

Honorable Raul Vasquez, Judge Presiding



Opinion by: Paul W. Green, Justice

Concurring by: Phil Hardberger, Chief Justice



Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and filed: August 11, 1999



WRIT OF MANDAMUS CONDITIONALLY GRANTED


 This original proceeding involves the interpretation of Rule 192.3 of the new
discovery rules. The trial court construed the rule to permit the deposition of a consulting
witness and to permit the production of a testifying witness's income tax schedules and
appointment calendars. We conditionally grant the writ of mandamus.



Background


 The real parties in interest and plaintiffs below, Enedelia and Humberto Martinez,
sued the relator, Doctors' Hospital of Laredo, for medical malpractice arising from the birth
of Lynette Martinez. The plaintiffs noticed the depositions of Dr. John Seals, originally
designated as a testifying witness but re-designated as a consulting expert, and Dr. Herbert
Grossman, a testifying expert. The plaintiffs also subpoenaed the doctors' income tax
schedules and Dr. Grossman's personal calendars. In response, the hospital moved to quash
the depositions and further moved for a protective order. At the hearing on these motions,
the plaintiffs argued they needed the requested documents to show the bias of the hospital's
experts.

 On June 24, the trial court signed an order setting the depositions of Dr. Seals and Dr.
Grossman and ordering each doctor to produce in camera "all schedules attached to their
federal income tax returns ... [for the past three years that] indicate income derived in the
medico-legal context as either testifying experts and/or consulting experts." The court also
ordered Dr. Grossman to produce in camera his calendars for the past three years. The
hospital then sought mandamus relief.

Standard and Scope of Review


 To be entitled to mandamus relief, the hospital must show that the trial court abused
its discretion and that the hospital has no adequate remedy at law. See Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). Remedy by appeal is inadequate when an order requires the
disclosure of information exempted from discovery. See id. at 843. To determine whether
such an order is an abuse of discretion, we defer to the trial court's factual determinations
while reviewing its legal determinations de novo. Pony Express Courier Corp. v. Morris,
921 S.W.2d 817, 820 (Tex. App.--San Antonio 1996, no writ). The trial court abuses its
discretion when it fails to properly apply the law to the undisputed facts, when it acts
arbitrarily or unreasonably, or when its ruling is based on factual assertions unsupported by
the record. Microsoft Corp. v. Manning, 914 S.W.2d 602, 607 (Tex. App.--Texarkana 1995,
writ dism'd).

Dr. Seals -- The Consulting Expert


 The hospital contends the plaintiffs may not depose Dr. Seals, who was re-designated
from a testifying expert to a consulting expert. In response, the plaintiffs claim the re-designation is improper.

 Rule 192.3(e) prevents discovery of a consulting expert's opinion, provided the
opinion has not been reviewed by a testifying expert. Tex. R. Civ. P. 192.3(e). A "testifying
expert [may] be 'de-designated' so long as it is not part of 'a bargain between adversaries
to suppress testimony' or for some other improper purpose." Castellanos v. Littlejohn, 945
S.W.2d 236, 240 (Tex. App.--San Antonio 1997, orig. proceeding) (distinguishing Tom L.
Scott, Inc. v. McIlhany, 798 S.W.2d 556 (Tex. 1990)).

 Originally, the hospital designated three experts, including Dr. Seals, as testifying
witnesses in the field of pediatric neurology. The hospital claims that Dr. Seals' opinions
have not been reviewed by any testifying witnesses, and the plaintiffs have not refuted this
claim. Instead, the plaintiffs assert the re-designation is a subterfuge because the hospital
designated a replacement for Dr. Seals after telling the trial court it did not need three
experts in the same field. This fact, however, does not imply an improper, prohibited
purpose. Thus, the trial court abused its discretion in ordering the deposition of Dr. Seals.

Dr. Grossman -- Income Tax Schedules & Calendars


 Citing Russell v. Young, 452 S.W.2d 434 (Tex. 1970), the hospital contends that
income tax schedules and calendars of nonparty witnesses are not discoverable to show bias.
In response, the plaintiffs claim this case was overruled by the new discovery rules. We
disagree that new rule 192.3 overruled Russell.

 Historically, evidence of a witness's bias has been considered relevant, admissible,
and discoverable. See Tex. R. Evid. 613(b); Tex. R. Civ. P. 192.3; Walker, 827 S.W.2d at
839. As noted by the Supreme Court in Russell, however, personal financial records and
appointment books are generally not discoverable to demonstrate the bias of a nonparty
witness. 452 S.W.2d at 435; see also In re Dolezal, 970 S.W.2d 650, 653-54 (Tex.
App.--Corpus Christ 1998, orig. proceeding) (expert's attorney-referral list); Olinger v.
Curry, 926 S.W.2d 832, 834 (Tex. App.--Fort Worth 1996, orig. proceeding) (expert's
income tax schedules); cf. Walker, 827 S.W.2d at 838 (permitting disclosure of expert's
employer's financial policy about testifying).(1)

 Unlike former discovery Rule 166b(2)(e), new Rule 192.3(e)(5) specifically provides
that a "party may discover ... any bias of the [testifying] witness." Tex. R. Civ. P.
192.3(e)(5). We have found no historical commentary that would suggest the rule drafters
intended to overrule Russell and its progeny.(2) We therefore read the rule to permit discovery
of bias evidence, other than the personal financial records and appointment books of
nonparty witnesses. By ordering the production of these personal records, the trial court
abused its discretion.

Conclusion


 We conditionally grant the hospital's petition for writ of mandamus. The writ will
issue if the trial court fails to vacate his discovery order within twenty days of the date of this
opinion.


 PAUL W. GREEN,

 JUSTICE


PUBLISH


1. Even when financial records are relevant to issues in a case and requested from a party, privacy concerns
require a trial court to explore other methods of obtaining the information. See Maresca v. Marks, 362 S.W.2d 299, 301
(Tex. 1962); El Centro del Barrio, Inc. v. Barlow, 894 S.W.2d 775, 779-80 (Tex. App.--San Antonio 1994, orig.
proceeding).
2. The plaintiffs cite Michol O'Connor et al., O'Connor's Texas Rules * Civil Trials 309 (1999), which
states Rule 192.3(e)(5) "probably may overrule Russell v. Young."