### In re Dan Phillip SUMMY.

#### No. 09–09–00068–CV.

Court of Appeals of Texas, Beaumont.

Submitted on Feb. 25, 2009.

Decided March 19, 2009.

William D. Noel, Houston, for relator.

Thomas H. Buchanan, J. Mitchell Beard, Melanie S. Reyes, Flowers Davis, P.L.L.C., Tyler, for real party in interest.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Dan Phillip Summy seeks relief from an order of inspection in a condemnation suit. *See* TEX.R. CIV. P. 196.7(b). Summy's petition for writ of mandamus contends Enbridge Pipelines (East Texas) L.P. did not produce evidence of a need to enter Summy's residence because Enbridge's appraisers have already performed an appraisal of the property without inspecting the property. We deny the relief requested in the petition.

Although an inspection that includes the interior of Summy's residence is more intrusive than an inspection only of the land being condemned, the fair market value of the property taken and Summy's condemnation-related damages are at issue. Summy's appraiser included damage to the value of the residence in his appraisal. The inspection ordered by the trial court is not overbroad and is relevant to issues in dispute in the condemnation proceeding. There was no objection in the trial court that photographing or videotaping made the request to inspect overly broad. The trial court's order does not exceed the scope permitted by the rules of procedure. *See* TEX.R. CIV. P. 192.3(a). The relator has not shown an abuse of discretion by the trial court. Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.

CHARLES KREGER, Justice, dissenting.

Mandamus relief is appropriate when a trial court abuses its discretion and there

is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004). The trial court abuses its discretion when it orders discovery exceeding the scope permitted by the rules of procedure. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex.2003). No adequate remedy by appeal is available when a trial court erroneously compels production of overly broad discovery. *In re TIG Ins. Co.*, 172 S.W.3d 160, 171 (Tex.App.-Beaumont 2005, orig. proceeding). I find the trial court's order overly broad and exceeding the scope of permitted discovery and would grant the writ of mandamus. Because the majority denies the requested relief, I respectfully dissent.

This is a condemnation suit initiated against a private land owner who did not breach any duty owed to another or otherwise voluntarily inject himself into the lawsuit except for rejecting the party's first offer of compensation for a taking of his property. The trial court's order can be interpreted to allow the interior of Summy's private residence to be inspected, photographed, and videotaped. This is an unnecessary invasion of his privacy as the condemnation proceeding does not involve the taking of the residence, and in light of the fact that both parties's appraisal experts have submitted appraisals without having to enter Summy's residence. Real party in interest, Enbridge, responds that Summy's appraisal expert allocates a portion of the condemnation damages to the value of the residence, quoting the expert that Enbridge's pipeline "constitutes an adverse land use which affects the value of the home as a result of the taking." From this adverse land use, Summy's expert alleges Summy has suffered condemnation-related damages in the amount of $30,199. Therefore, Enbridge contends, entry into Summy's residence to inspect, photograph, and videotape is necessary to its condemnation-damages proof. The photographic depictions of the exterior of Summy's modest and unassuming residence contained in the record obviates any reasonable need for additional photographic or videotaped evidence of the home's interior. Such additional photographic or videotaped "proof" would be duplicative and an unnecessary invasion of Summy's privacy, nothing more. Protecting such privacy rights requires scrupulous limitation of discovery to otherwise relevant and material information that promotes justice between the parties. *See Tilton v. Marshall*, 925 S.W.2d 672, 682–83 (Tex.1996) (explaining that discovery of personal and sensitive financial documents, such as tax returns, must be scrupulously limited to information relevant and material to matters in controversy); *Hall v. Lawlis*, 907 S.W.2d 493, 494–95 (Tex.1995) (limiting discovery of financial documents to extent that they are relevant and material); *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex.1962) (explaining, in the context of unlimited discovery of tax records, that "[a] litigant so subjected to an invasion of his privacy has a clear legal right to an extraordinary remedy since there can be no relief on appeal; privacy once broken by the inspection and copying ... by an adversary cannot be retrieved."). I equate a person's right to privacy to the interior of his home equal to or greater than his right to privacy in and to financial documents.

The pipeline company has made no showing to the trial court that entry into Summy's private residence is necessary or otherwise material to their valuation for the involuntary taking of his land. In fact, expert witnesses for the pipeline company have already rendered an opinion as to the effect of the pipeline easement on the value of Summy's property without invading his private residence to photograph or videotape. Therefore, the only purpose for gaining such entry at this point in the

litigation would be for impeachment of Summy's expert witness. The Texas Supreme Court has previously denied discovery of matters of a sensitive and personal nature only for impeachment purposes. *See Russell v. Young,* 452 S.W.2d, 434, 437 (Tex.1970). Because no showing was made to the trial court of the necessity of entry into Summy's private residence to photograph and videotape before the trial court granted the motion, I would find an abuse of discretion and grant the requested mandamus relief.