In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00068-CV


____________________



IN RE DAN PHILLIP SUMMY 


 




Original Proceeding






OPINION



 Dan Phillip Summy seeks relief from an order of inspection in a condemnation suit. 
See Tex. R. Civ. P. 196.7(b). Summy's petition for writ of mandamus contends Enbridge
Pipelines (East Texas) L.P. did not produce evidence of a need to enter Summy's residence
because Enbridge's appraisers have already performed an appraisal of the property without
inspecting the property. We deny the relief requested in the petition.

 Although an inspection that includes the interior of Summy's residence is more
intrusive than an inspection only of the land being condemned, the fair market value of the
property taken and Summy's condemnation-related damages are at issue. Summy's appraiser
included damage to the value of the residence in his appraisal. The inspection ordered by the
trial court is not overbroad and is relevant to issues in dispute in the condemnation
proceeding. There was no objection in the trial court that photographing or videotaping made
the request to inspect overly broad. The trial court's order does not exceed the scope
permitted by the rules of procedure. See Tex. R. Civ. P. 192.3(a). The relator has not shown
an abuse of discretion by the trial court. Accordingly, we deny the petition for writ of
mandamus.

 PETITION DENIED.


 

 _____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on February 25, 2009

Opinion Delivered March 19, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.


DISSENTING OPINION


 Mandamus relief is appropriate when a trial court abuses its discretion and there is no
adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex.
2004). The trial court abuses its discretion when it orders discovery exceeding the scope
permitted by the rules of procedure. In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003). No
adequate remedy by appeal is available when a trial court erroneously compels production
of overly broad discovery. In re TIG Ins. Co., 172 S.W.3d 160, 171 (Tex. App.--Beaumont
2005, orig. proceeding). I find the trial court's order overly broad and exceeding the scope
of permitted discovery and would grant the writ of mandamus. Because the majority denies
the requested relief, I respectfully dissent.

 This is a condemnation suit initiated against a private land owner who did not breach
any duty owed to another or otherwise voluntarily inject himself into the lawsuit except for
rejecting the party's first offer of compensation for a taking of his property. The trial court's
order can be interpreted to allow the interior of Summy's private residence to be inspected,
photographed, and videotaped. This is an unnecessary invasion of his privacy as the
condemnation proceeding does not involve the taking of the residence, and in light of the fact
that both parties's appraisal experts have submitted appraisals without having to enter
Summy's residence. Real party in interest, Enbridge, responds that Summy's appraisal expert
allocates a portion of the condemnation damages to the value of the residence, quoting the
expert that Enbridge's pipeline "constitutes an adverse land use which affects the value of
the home as a result of the taking." From this adverse land use, Summy's expert alleges
Summy has suffered condemnation-related damages in the amount of $30,199. Therefore,
Enbridge contends, entry into Summy's residence to inspect, photograph, and videotape is
necessary to its condemnation-damages proof. The photographic depictions of the exterior
of Summy's modest and unassuming residence contained in the record obviates any
reasonable need for additional photographic or videotaped evidence of the home's interior. 
Such additional photographic or videotaped "proof" would be duplicative and an unnecessary
invasion of Summy's privacy, nothing more. Protecting such privacy rights requires
scrupulous limitation of discovery to otherwise relevant and material information that
promotes justice between the parties. See Tilton v. Marshall, 925 S.W.2d 672, 682-83 (Tex.
1996) (explaining that discovery of personal and sensitive financial documents, such as tax
returns, must be scrupulously limited to information relevant and material to matters in
controversy); Hall v. Lawlis, 907 S.W.2d 493, 494-95 (Tex. 1995) (limiting discovery of
financial documents to extent that they are relevant and material); Maresca v. Marks, 362
S.W.2d 299, 301 (Tex. 1962) (explaining, in the context of unlimited discovery of tax
records, that "[a] litigant so subjected to an invasion of his privacy has a clear legal right to
an extraordinary remedy since there can be no relief on appeal; privacy once broken by the
inspection and copying . . . by an adversary cannot be retrieved."). I equate a person's right
to privacy to the interior of his home equal to or greater than his right to privacy in and to
financial documents. 

 The pipeline company has made no showing to the trial court that entry into Summy's
private residence is necessary or otherwise material to their valuation for the involuntary
taking of his land. In fact, expert witnesses for the pipeline company have already rendered
an opinion as to the effect of the pipeline easement on the value of Summy's property
without invading his private residence to photograph or videotape. Therefore, the only
purpose for gaining such entry at this point in the litigation would be for impeachment of 
Summy's expert witness. The Texas Supreme Court has previously denied discovery of
matters of a sensitive and personal nature only for impeachment purposes. See Russell v.
Young, 452 S.W.2d, 434, 437 (Tex. 1970). Because no showing was made to the trial court
of the necessity of entry into Summy's private residence to photograph and videotape before
the trial court granted the motion, I would find an abuse of discretion and grant the requested
mandamus relief.

 _____________________________

 CHARLES KREGER

 Justice


Dissent Delivered 

March 19, 2009