ACCEPTED
15-25-00092-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/20/2025 5:16 PM
CHRISTOPHER A. PRINE
CLERK

**NO. 15-25-00092-CV**

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/20/2025 5:16:15 PM
CHRISTOPHER A. PRINE
Clerk

IN RE BRIGHT HEALTH MANAGEMENT, INC., *Appellant*,

v.

BRIGHT HEALTH INSURANCE COMPANY OF TEXAS, *Appellee*.

On Appeal from the
455th Judicial District Court, Travis County, Texas
Cause No. D-1-GN-23-008361
The Honorable Catherine Mauzy, Presiding

AND

**NO. _____**

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

IN RE BRIGHT HEALTH MANAGEMENT, INC.

*Relator.*

Original Proceeding Arising from the
455th Judicial District Court,
Travis County, Texas
Cause No. D-1-GN-23-008361
The Honorable Catherine Mauzy, Presiding

## BRIGHT HEALTH MANAGEMENT, INC.'S
## EMERGENCY MOTION FOR STAY OF DISTRICT COURT'S ORDER

Carlos Soltero
csoltero@maynardnexsen.com
State Bar No. 00791702
Brytne D. Kitchin
bkitchin@maynardnexsen.com
State Bar No. 24079973
Lisa Alcantar
lalcantar@maynardnexsen.com
State Bar No. 24069284
**MAYNARD NEXSEN**
2500 Bee Caves Road
Bldg. 1, Suite 150
Austin, Texas 78746

**Counsel for Appellant/Relator**

**TO THE HONORABLE FIFTEENTH COURT OF APPEALS:**

Appellant/Relator Bright Health Management, Inc. ("BHM") respectfully files this Emergency Motion for Stay of District Court's Order (attached to this Motion as Exhibit 1) pursuant to Texas Rule of Appellate Procedure 29.3 or, in the alternative, 52.10. BHM asks this Court to stay the proceedings in the District Court as outlined below to preserve this Court's ability to rule on BHM's interlocutory appeal or, in the alternative, petition for writ of mandamus. BHM filed its Notice of Appeal on May 16, 2025.

## INTRODUCTION

On May 6, 2025, the Honorable Catherine Mauzy, presiding in the 455th Judicial District Court, Travis County, signed an Order Granting Special Deputy Receiver's Motion to Confirm Special Master's Recommendation and for Entry of Order Granting the Motion to Enforce Permanent Injunction Against Bright Health Management, Inc. (the "Order"), compelling BHM to produce business records it held and maintained on behalf of Bright Health Insurance Company of Texas, Inc. ("BHICOT"), a Texas-domiciled insurance company in receivership, and denying BHM's Cross-Motion for Entry of Order Governing

3

Electronically Stored Information (the "ESI Motion"). The appellee/real party in interest is BHICOT.

The Order arose after the Special Deputy Receiver of BHICOT (the "SDR") demanded that BHM turn over all BHICOT-related emails of BHICOT's officers and directors and all BHM employees. BHM operates as a shared-services entity, providing management and administrative services to all its insurance company subsidiaries pursuant to separate management services agreements.[1] The suite of services offered by BHM includes providing BHM employees to serve as officers and/or directors of an insurance company client as well as "claims administration, accounting, legal services, financial services, actuarial services. Effectively everything."[2]

BHM employees, like the employees of most management companies that are part of a large holding company structure, have a single email address. Thus, simply providing the SDR with all emails of the BHM employees who served as officers and directors of BHICOT or

---

[1] Indeed, prior to commencement of the receivership, BHM and BHICOT entered into a Management Services Agreement (the "MSA"), under which BHM agreed to manage the day-to-day operations of BHICOT's Texas-based health insurance business, including maintenance of BHICOT's books and records.

[2] 3 RR 762, p. 162:24–163:7.

4

provided other services to BHICOT would result in the SDR receiving thousands of emails and other documents wholly unrelated to BHICOT.[3] Worse, these irrelevant documents and emails contain information about the affiliates to whom BHM also provides management services, including protected health information relating to medical clinics operated by BHM's affiliate, NeueHealth, Inc., and its subsidiaries (collectively, "NeueHealth"). Further compounding the problem is the inclusion of attorneys among the relevant custodians, whose roles include serving in the capacity of general in-house counsel, providing legal advice to affiliated entities on myriad subjects unrelated to BHICOT.

To maintain the confidentiality of the information in BHM's possession that is unrelated to BHICOT, BHM proposed coordinating efforts to identify key search terms and queries to address any legitimate interest the SDR, on behalf of BHICOT, may have in the emails. Initially, the SDR agreed to have, "the respective IT professionals work together to agree on key search terms and queries," and agreed to provide proposed terms and queries. However, the SDR later withdrew this

---

[3] For example, the initial data pull of the BHM employees who served as BHICOT's officers and directors produced roughly 600,000 emails, much of which was unrelated to BHICOT.

5

agreement to collaborate, now stating it, "did not intend to limit BHM's obligation to produce BHICOT's business records," and that, "[t]he search parameters should be all records that mention, refer to or relate to BHICOT."

Having reached an impasse, the SDR filed a Motion to Enforce Injunction Against BHM to compel production of BHICOT's business records, and BHM filed the ESI Motion, arguing the SDR has no blanket right to examine all BHM records without regard to whether they are BHICOT records. However, the District Court's Order effectively requires BHM to do just that, with a status report due to the District Court by May 26, 2025, and every 20 days thereafter, and all documents produced by August 4, 2025. Therefore, BHM seeks immediate protection from the Order to preserve this Court's ability to rule on BHM's interlocutory appeal or, in the alternative, petition for writ of mandamus (the "Appeal").

## ARGUMENT

Pursuant to Texas Rule of Appellate Procedure 29.3 or, in the alternative, 52.10, this Court has the authority to grant a stay to preserve an appellant's or relator's rights, respectively, until disposition of an

appeal or writ of petition for mandamus. TEX. R. APP. P. 29.3 & 52.10(b). Here, an immediate stay of the Order is necessary to preserve BHM's rights pending disposition of its Appeal.

The Order effectively requires BHM to provide the SDR with confidential and potentially highly sensitive NeueHealth information that is wholly unrelated to BHICOT, including privileged and HIPAA-protected materials, and to which the SDR is not entitled to under the MSA or any law. BHM understands that the SDR's request is not exactly a traditional "discovery request," as it relates to seeking the books and records of an insurance company in receivership. But, absent any statutory requirements or other applicable guidelines for production of documents in an insurance company receivership, BHM contends that Texas' well-established ESI principles cannot be simply ignored. Even if the ESI jurisprudence of *In re Weekly Homes* and other authorities may not be completely controlling legal precedent, they are not irrelevant to this legal inquiry and at a minimum are highly instructive. This is particularly true here, where in the absence of the MSA, the SDR would be required to follow the Texas Rules of Civil Procedure that govern the

7

production of documents from non-parties, even in connection with enforcing a court-issued injunction.

It is well-settled under Texas law that all production requests must be proportionate and reasonable. *See, e.g.*, *In re State Farm Lloyds*, 520 S.W.3d 595, 614 (Tex. 2017) (orig. proceeding) (explaining that, "proportionality has long been a required constraint on the scope of discovery, enacted decades ago to deal with the problem of overdiscovery") (internal alterations omitted). And "[a] fundamental tenet of [Texas] discovery rules is cooperation between parties and their counsel, and the expectation that agreements will be made as reasonably necessary for efficient disposition of the case." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 321 (Tex. 2009) (orig. proceeding) (citing TEX. R. CIV. P. 191.2).

With respect to ESI, these principles of reasonableness and cooperation require parties to "share relevant information concerning electronic systems and storage methodologies so that agreements regarding protocols" to ensure that discovery is "not unduly intrusive or overly burdensome." *Id.* at 321. The Texas Supreme Court deems this sharing of information and agreement to be of "critical importance" to

8

mitigating potential preservation issues, creating certainty in the discovery process, and reducing the risk of disputes. *Id.* at 321–22. Thus, over 15 years ago, the Court outlined the "proper procedure" for production of electronically stored information. *Id.* at 322.

Orders compelling production of information without following the procedure outlined in *Weekley Homes* have routinely been found to constitute an abuse of discretion. *See, e.g., In re Raizada*, No. 14-23-00941-CV, 2024 WL 178140, at *5 (Tex. App.—Houston [14th Dist.] Jan. 17, 2024) (orig. proceeding) (finding trial court abused its discretion by ordering production of cell phone for inspection "without providing any mechanism through which [relator] can withhold from discovery any documents or information that is privileged or confidential and by failing to consider less intrusive means") (internal citations omitted); *In re Shipman*, 540 S.W.3d 562, 570 (Tex. 2018) (orig. proceeding) (finding that real party in interest's "skepticism about [relator's] production of the relevant records" did not justify trial court's "extraordinarily intrusive order" requiring production of all of relator's "electronically stored files of every kind, whether business or personal, and regardless of whether they are related to the issues in the lawsuit").

9

In the alternative, mandamus relief is commonly granted when a non-party, like BHM, is ordered to produce information that is not material to the underlying dispute and/or overly broad in scope. *See*, *e.g.*, *Russell v. Young*, 452 S.W.2d 434, 435 (Tex. 1970) (directing trial court to vacate order requiring non-party potential witness to produce private financial records not directly related to the subject matter of the underlying suit); *In re Ford Motor Co.*, 427 S.W.3d 396, 397–98 (Tex. 2014) (orig. proceeding) (granting mandamus relief from trial court order requiring non-party expert witnesses to produce "detailed financial and business information for **all** cases" the witnesses handled for Ford over a 12-year period) (emphasis added); *In re Contract Freighters, Inc.*, 646 S.W.3d 810, 815 (Tex. 2022) (orig. proceeding) (granting mandamus relief from trial court order requiring non-party regulatory body to conduct a nationwide search of collision records over a 5-year period and produce documents related to same); *In re UPS Ground Freight, Inc.*, 646 S.W.3d 828, 832–33 (Tex. 2022) (orig. proceeding) (granting mandamus relief from trial court order requiring production of confidential drug-test records of non-party UPS employees with no alleged involvement in the accident that precipitated the underlying suit).

Due to the continuing status report deadlines and the final deadline of August 4, 2025, if a stay of the Order is not granted, BHM will lose its right to have this Court conduct a meaningful review of the District Court's ruling via the Appeal. Therefore, an immediate stay of the Order is necessary to protect BHM.

## REQUEST FOR RELIEF

Accordingly, Relator Bright Health Management, Inc. respectfully requests that this Court grant a stay of the May 6, 2025, Order Granting Special Deputy Receiver's Motion to Confirm Special Master's Recommendation and for Entry of Order Granting the Motion to Enforce Permanent Injunction Against Bright Health Management, Inc. pending this Court's determination of the merits of BHM's Appeal.

Respectfully submitted,

By: /s/ *Carlos Soltero*
Carlos Soltero
csoltero@maynardnexsen.com
State Bar No. 00791702
Brytne D. Kitchin
bkitchin@maynardnexsen.com
State Bar No. 24079973
Lisa Alcantar
lalcantar@maynardnexsen.com
State Bar No. 24069284
**MAYNARD NEXSEN**
2500 Bee Caves Road

11

Bldg. 1, Suite 150
Austin, Texas 78746

**Counsel for Appellant/Relator**

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was sent in accordance with TEX. INS. CODE § 443.007(d) and TEX. R. APP. P. 25.1(e) on June 20, 2025:

| | |
|---|---|
| *Via Email*: <br> gpierce@gpiercelaw.com <br> Gregory A. Pierce <br> P.O. Box 40 <br> Austin, TX 78767 <br><br> *Via Email*: cfuller@fullerlaw.org <br> Christopher Fuller <br> FULLER LAW GROUP <br> 4612 Ridge Oak Drive <br> Austin, TX 78731 <br> Telephone: (512) 470-9544 <br><br> *Via Email:* Jane Webre <br> jwebre@scottdoug.com <br> Scott Douglas & McConnico <br> 303 colorado St., Suite 2400 <br> Austin, Texas 78701 <br> (512) 465-6300 <br><br> *Attorneys for CANTILO & BENNETT, L.L.P., Special Deputy Receiver of Bright Healthcare Insurance Company of Texas* <br><br> *Via Email*: <br> SpecialMasterClerk@tdi.texas.gov <br> Tom Collins, Receivership Master <br> c/o Special Master's Clerk RLO <br> MC-FRD 1601 Congress Avenue <br> Austin, TX 78701 | *Via Email:* <br> Edwin.Hartsfield@tdi.texas.gov <br> Edwin Hartsfield <br> TEXAS DEPARTMENT OF INSURANCE <br> RLO MC-FRD <br> PO Box 12030 <br> Austin, TX 78711-2030 <br><br> *Via Email:* <br> Vane.Hugo@tdi.texas.gov <br> Vane Hugo <br> TEXAS DEPARTMENT OF INSURANCE <br> RLO MC-FRD <br> PO Box 12030 <br> Austin, TX 78711-2030 <br><br> *Via e-Service:* <br> Shawn.Martin@tdi.texas.gov <br> Shawn Martin <br> General Counsel Division <br> Office of Financial Counsel <br> TEXAS DEPARTMENT OF INSURANCE <br> PO Box 12030 <br> Austin, TX 78711-2030 <br><br> *Via e-Service:* <br> jrixen@rixenlaw.com <br> Jacqueline Rixen <br> RIXENLAW <br> 8500 North Mopac Expy <br> Suite 605 <br> Austin, TX 78759 |

| | |
|---|---|
| *Via Email:*<br>John.Walker@tdi.texas.gov<br>John Walker<br>TEXAS DEPARTMENT OF INSURANCE<br>RLO MC-FRD<br>PO Box 12030<br>Austin, TX 78711-2030<br><br>*Via Email:*<br>Milan.Shah@cms.hhs.gov<br>*Via Email:*<br>Kelly.Drury@cms.hhs.gov<br>Milan Shah<br>Kelly Drury<br>Centers for Medicare & Medicaid<br>Services Center for Consumer<br>Information and Insurance<br>Oversight<br>7501 Wisconsin Ave<br>Bethesda, MD 21814 | *Counsel for the Texas Life and Health Insurance Guaranty Association*<br><br>*Via First Class Mail*<br>INTERNAL REVENUE SERVICE<br>Special Procedures Branch<br>300 East 8th Street, Suite 352<br>Mail Stop 5026AUS<br>Austin, TX 7870 |
| *Via Email:*<br>Sandra.Salazar@tdi.texas.gov<br>Sandra Salazar<br>General Counsel Division<br>Office of Financial Counsel<br>TEXAS DEPARTMENT OF<br>INSURANCE<br>PO Box 12030<br>Austin, TX 78711-2030<br><br>*Via e-Service:*<br>Zachary.Rhines@oag.texas.gov<br>Zachary L. Rhines<br>Assistant Attorney General<br>General Litigation Division<br>OFFICE OF THE TEXAS ATTORNEY<br>GENERAL | *Via Email:* ASimon@fmdlegal.com<br>*Via Email:* Bgould@fmdlegal.com<br>Adrianne J. Simon<br>Blake Gould<br>Fultz Maddox Dickens PLC<br>101 South Fifth Street, 27th Floor<br>Louisville, KY 40202<br>*Counsel for THC Houston, LLC d/b/a Kindred Hospital Houston Northwest* |

| | |
|---|---|
| P.O. Box 12548, Mail Stop 01901<br>Austin, TX 78711-2548<br>*Counsel for Texas Department of Insurance* | |

/s/ Carlos Soltero
Carlos R. Soltero

## CERTIFICATE OF CONFERENCE

Pursuant to TEX. R. APP. P. 52.10(a), I certify that counsel for Appellant/Relator notified counsel for all parties by expedited means that a motion for temporary relief has been or will be filed.

/s/ Carlos Soltero
Carlos R. Soltero

## CERTIFICATE OF COMPLIANCE

Microsoft Word reports that this document contains 1,632 words, excluding the portions of the document exempted by TEX. R. APP. P. 9.4(i)(1).

/s/ Carlos Soltero
Carlos R. Soltero

# EXHIBIT 1

Trial Court's Order

CAUSE NO. D-1-GN-23-008361

| | | |
|---|---|---|
| THE TEXAS DEPARTMENT OF INSURANCE, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| V. | § § | TRAVIS COUNTY, TEXAS |
| BRIGHT HEALTHCARE INSURANCE COMPANY OF TEXAS | § § § | |
| *Defendant.* | § | 455th JUDICIAL DISTRICT |

## ORDER GRANTING SPECIAL DEPUTY RECEIVER'S MOTION TO CONFIRM SPECIAL MASTER'S RECOMMENDATION AND FOR ENTRY OF ORDER GRANTING THE MOTION TO ENFORCE PERMANENT INJUNCTION AGAINST BRIGHT HEALTH MANAGEMENT, INC.

The Court heard the *Motion to Confirm Special Master's Recommendation and for Entry of Order Granting the SDR's Motion to Enforce Permanent Injunction Against Bright Health Management, Inc.* (the " SDR Motion to Confirm") filed by CANTILO & BENNETT, L.L.P., Special Deputy Receiver of Bright Healthcare Insurance Company of Texas (the "SDR" and "BHICOT," respectively) and the Motion to Reject Special Master's Recommendations, For Entry of a Reasonable ESI Order, and For a Trial De Novo ("BHM Motion to Reject") and Objections to the Memorandum Recommendation and Report of Special Master (the "BHM Objections") both filed by Respondent Bright Health Management, Inc. ("BHM"). The SDR appeared by and through its counsel. BHM appeared by and through its counsel. When called for hearing, the parties announced ready.

On June 28, 2024, the SDR filed its *Motion to Enforce Permanent Injunction Against Bright Health Management, Inc.* (the "Motion to Enforce"). On July 12, 2024, BHM filed its *Objection and Response to Motion to Enforce Permanent Injunction Against Bright Health*

*Management, Inc. and Cross-Motion for Entry of Order Governing Electronically Stored Information* ("BHM Response and ESI Cross-Motion*").*

The Motion to Enforce was submitted to the Special Master appointed in this cause in accordance with the Order of Reference to Master ("Order of Reference"). The Special Master issued a *Memorandum Recommendation and Report of Special Master Regarding Special Deputy Receiver's Motions to Enforce Permanent Injunction Against Bright Health Management, Inc. and to Strike the Testimony of Angela O'Neal and Bright Health Management, Inc.'s Cross Motion for Entry of Order Governing Electronically Stored Information* (the "Special Master's Recommendation") under Rule 171 of the Texas Rules of Civil Procedure, which is incorporated.

The Court admits into evidence the Special Master's Recommendation, all exhibits admitted into evidence by the Special Master at the hearing on the SDR's Motion to Enforce and BHM's Objections and ESI Cross Motion and the transcript of the hearing.

Having considered the pleadings, the evidence, the exhibits, the arguments of counsel, the Special Master's Recommendation, and the applicable law, the Court finds that the SDR Motion to Confirm should be granted, the BHM Motion to Reject and BHM Objections should be denied, and the SDR's Motion to Enforce should be granted as set forth in the Special Master's Recommendation and hereby issues this Order.

All capitalized terms used herein shall have the same meaning as used in the SDR Motion to Enforce.

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** as follows:

1.  The Master's Recommendation is CONFIRMED;

2.  The SDR's Motion to Enforce against BHM is GRANTED;

3.  BHM's Motion to Reject is DENIED;

4. BHM's Objections are DENIED;

5. The Court orders that the term "BHICOT books and records" shall mean all business records in the possession or control of BHM that refer to or relate to, in any manner to BHICOT, including but not limited to emails;

6. BHM shall produce all BHICOT books and records to the SDR without expense to the SDR within ninety (90) days, including but not limited to, the following specific items or categories of materials:

   a. All BHICOT related emails to or from BHICOT officers and directors Jeff Craig, Jay Matushak, Eric Halverson, and Jeff Scherman;

   b. All records maintained in the Office 365 data suite: SharePoint, OneDrive, and Teams for all BHICOT officers and directors;

   c. All BHICOT related emails from any BHM employee, affiliate, agent, or vendor;

   d. All books and records relating to all debts owed to BHICOT by BMH affiliate, Neuehealth Partners Texas RBE, LLC;

   e. All books and records relating to all debts owed by BHICOT to the federal government;

   f. A complete set of the BHICOT Board of Directors minutes, resolutions, and all other corporate books and records, including but not limited to any informal recordation of Board matters as testified to by Mr. Craig;

   g. An organizational chart identifying those individuals, including job title, dates of employment, and e-mail account(s), and a separate list of all e-mail accounts, including individual accounts and accounts associated with a

business unit or function such as "claims" or "potential security incident;" who provided services under the BHICOT — BHM MSA, regardless of what entity/entities employed the person;

7. The SDR may seek turnover of additional categories of BHICOT books and records not specifically identified in this Order;

8. All costs incurred with the turn over of the records and information described in this Order shall be borne solely by BHM and the SDR shall not be responsible for any expense associated with the production;

9. BHM shall file a Status Report with the Court and Special Master every twenty (20) days during the ninety (90) day period updating the Court in detail of the efforts made in the prior twenty-day period and for the next twenty-day period to comply with the terms of this Order;

10. To the extent BHM withholds documents or information from turnover to the SDR based on an assertion of privilege, it is to maintain a detailed privilege log regarding same. The log must be regularly updated and provided to SDR counsel at least every twenty (20) days from entry of this Order;

11. The SDR's Motion to Strike the Testimony of Angela O'Neal is denied;

12. BHM's ESI Cross-Motion is denied; and

13. This Order constitutes a final order fully resolving all issues relating to the Motion of Enforce and the ESI Cross-Motion.

Signed on __May 6_____, 2025.


_____
JUDGE PRESIDING

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Max Mendel on behalf of Carlos Ramon Soltero
Bar No. 791702
mmendel@maynardnexsen.com
Envelope ID: 102265488
Filing Code Description: Motion for Emergency Relief
Filing Description: 2025-06-20 BHM Motion for Emergency Stay
Status as of 6/20/2025 6:29 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michaelle Peters | | mpeters@scottdoug.com | 6/20/2025 5:16:15 PM | SENT |
| Jane Webre | | jwebre@scottdoug.com | 6/20/2025 5:16:15 PM | SENT |
| Christopher Fuller | 7515500 | cfuller@fullerlaw.org | 6/20/2025 5:16:15 PM | SENT |
| Gregory Pierce | 15994250 | gpierce@gpiercelaw.com | 6/20/2025 5:16:15 PM | SENT |
| Patricia Muniz | | pmuniz@inquestresources.com | 6/20/2025 5:16:15 PM | SENT |
| Brian Falligant | | bfalligant@inquestresources.com | 6/20/2025 5:16:15 PM | SENT |
| Abril Rivera | | arivera@scottdoug.com | 6/20/2025 5:16:15 PM | SENT |
| Rachael Padgett | | rpadgett@maynardnexsen.com | 6/20/2025 5:16:15 PM | SENT |
| Lauren Feldott | | lfeldott@maynardnexsen.com | 6/20/2025 5:16:15 PM | SENT |
| Lisa Alcantar | | lalcantar@maynardnexsen.com | 6/20/2025 5:16:15 PM | SENT |
| Carlos R.Soltero | | CSoltero@MaynardNexsen.com | 6/20/2025 5:16:15 PM | SENT |
| Max Mendel | | mmendel@maynardnexsen.com | 6/20/2025 5:16:15 PM | SENT |
| Brytne Kitchin | | bkitchin@maynardnexsen.com | 6/20/2025 5:16:15 PM | SENT |